UNITED STATES of America, Plaintiff,

v.

Timothy Robert HOPE et al., Defendants.

No. 71–CR–71.

United States District Court, E. D. Wisconsin.

July 14, 1971.

**386**

John Murray, Milwaukee, Wis., for Hope.

James C. Wood, Milwaukee, Wis., for Wait.

James A. Walrath, Milwaukee, Wis., for Flynn.

David J. Cannon, U. S. Atty. by Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

There are motions before the court for dismissal, discovery and inspection, and also for a bill of particulars. In this action, the three defendants are charged in a two-count indictment involving the alleged sale of LSD, lysergic acid diethylamide. The first count charges the defendants Hope and Flynn with the sale, delivery, and disposal of LSD on March 12, 1971, and the second count charges the defendants Hope, Flynn and Wait with the sale, delivery, and disposal of LSD on March 22, 1971.

The defendant Flynn seeks dismissal of the action, and Mr. Hope has moved, pursuant to Rule 16(a), Federal Rules of Criminal Procedure, for the inspection and copying of "certain documents within the possession and control of the government". The defendant Wait has moved, pursuant to Rule 7(f), Federal Rules of Criminal Procedure, for a bill of particulars.

In his motion to dismiss the charges against him, Mr. Flynn contends that the failure of the indictment to identify him as either a principal or as an aider and abettor is violative of his 6th amendment right to be informed of the nature and cause of the charges against him, and of his 5th amendment right not to be subjected to jeopardy more than once for the same offense.

Under Rule 7(c), Federal Rules of Criminal Procedure, it is required that the indictment be a plain, concise, and definite written statement of the essential facts constituting the offense charged. The test of the sufficiency of the indictment is not whether it could have been more complete and definite, but whether it informs the accused with sufficient specificity to enable him to prepare his defense and to avoid the danger of being prosecuted again for the same offense. Rood v. United States, 340 F.2d 506, 510 (8th Cir. 1965), cert. denied 381 U.S. 906, 85 S.Ct. 1452, 14 L.Ed.2d 287 (1965).

In this case, the indictment is cast in the language of the statute and

alleges that the defendant "did sell, deliver, and otherwise dispose of" tablets of LSD on March 12, 1971, and on March 22, 1971. In my opinion, these charges are sufficiently specific to inform the defendant Flynn of what he must prepare to meet and to avoid the danger of a second prosecution for the same offense.

Mr. Flynn further argues that he has a right to be indicted as an aider and abettor if he is to be tried as such. However, that is not required under 18 U.S.C. § 2. United States v. Washington, 287 F.2d 819 (7th Cir. 1961), cert. denied 366 U.S. 969, 81 S.Ct. 1933, 6 L.Ed.2d 1259 (1961). A person may be convicted as an aider and abettor even though the indictment does not specifically charge him in that capacity. United States v. Lugo-Baez, 412 F.2d 435, 440 (8th Cir. 1969), cert. denied 397 U.S. 966, 90 S.Ct. 1000, 25 L.Ed.2d 257 (1970).

The information sought by Mr. Wait in his motion for a bill of particulars is partly evidentiary and partly a legal conclusion. It is not the function of a bill of particulars to provide this material. Wong Tai v. United States, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545 (1927). The motion for a bill of particulars should not be granted.

In view of the government's letter dated June 2, 1971, stating that it will voluntarily allow all counsel for the defendants to inspect its investigative file, the demands for discovery and inspection appear to be moot. Accordingly, such motions will not be granted.

Therefore, it is ordered that the defendant Flynn's motion to dismiss the indictment be and hereby is denied.

It is also ordered that the motions of the defendants Hope and Wait be and hereby are denied.