**STATE of Maine**

v.

**Rachael Bernice VANE, formerly Rachael Bernice March.**

Supreme Judicial Court of Maine.

July 10, 1974.

David M. Cox, Co. Atty., Bangor, for the State.

Rudman, Rudman & Carter by John M. Wallach, Bangor, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD, and DELAHANTY, JJ.

DELAHANTY, J.

On October 23, 1973, a Penobscot County grand jury returned two separate indictments charging the Defendant with the sale of the drug amphetamine, in violation of 22 M.R.S.A. § 2210–A. The two indictments present the same questions of law, and for the purpose of this appeal, they are conjoined.

Upon arraignment, the Defendant offered to enter a plea of guilty. Thereupon, a hearing was held pursuant to M.R. Crim.P., Rule 11 to determine the admissibility of the plea. At the conclusion of the hearing, the presiding Justice found that the Defendant could intelligently waive her right to a jury trial and voluntarily enter a plea of guilty.

In connection with the entry of the guilty plea, the Court was adequately apprised of the nature and the extent of the evidence the State would have presented at trial in support of the indictments.

The court was satisfied, from a narrative of the factual circumstances giving rise to the charges against the Defendant, that the Defendant did, in fact, commit the crimes charged.

The issues presented on appeal are:

1. Whether the Defendant had sufficient mental competence to enter a voluntary plea of guilty?

2. Whether the indictments adequately informed the Defendant of the nature of the specific crime of which she was accused and protected her from subsequent proceedings on the same charge?

I. We note initially that, although the questions of competency to stand trial and voluntariness of a plea involve separate legal doctrines, they are, in this case, inseparably bound.

M.R.Crim.P., Rule 11 instructs a trial Justice not to accept a guilty plea

" . . . without first . . . addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge."

Mental capacity and cognition are important and necessary elements in the establishment of the acceptability of a plea. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969). This Court requires that a guilty plea must be knowingly and understandingly made. Morgan v. State, Me., 287 A.2d 592 (1972); Cote v. State, Me., 286 A.2d 868 (1972); State v. Grondin, Me., 284 A.2d 677 (1971).

■ The component elements that contribute to a determination that a guilty plea is intelligently made are largely dependent on the factual situation surrounding the entry of the plea. Factors bearing on the character of such a plea include:

(1) The accused's understanding the nature of the charges against him. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); Paterno v. Lyons, 334 U.S. 314, 68 S.Ct. 1044, 92 L.Ed. 1409 (1948); see M.R.Crim.P., Rule 11.

(2) The accused's understanding the consequences of a guilty plea. Brady v. United States, supra; DeMeerleer v. Michigan, 329 U.S. 663, 67 S.Ct. 596, 91 L.Ed. 584 (1947).

(3) The presence of counsel. Brady v. United States, supra; Palmer v. Ashe, 342 U.S. 134, 72 S.Ct. 191, 96 L.Ed. 154 (1951).

Of equal stature with the identified prerequisites is the competency of the accused at the time of entering his plea. In Brady v. United States, supra, the Supreme Court specifically found that "there was nothing to indicate that [the Defendant] was incompetent or otherwise not in control of his mental faculties," in deciding that the guilty plea was intelligently made. The mental capacity of the defendant had also been considered in Carter v. Illinois, 329 U.S. 173, 67 S.Ct. 216, 91 L.Ed. 172 (1946), in determining the validity of a plea.

■ Indeed, it would be impossible for a defendant to possess the requisite knowledge and understanding in relation to his plea were he not to satisfy the preliminary standards of legal competence to stand trial. We have defined competence to stand trial as the accused being

" . . . *capable* of understanding the nature and object of the charges and proceedings against him, of comprehending his own condition in reference thereto, and of conducting . . . his defense in a rational and reasonable manner." Thursby v. State, Me., 223 A.2d 61, 66 (1966) (emphasis added).

■ Competency is concerned with the *ability* to make an intelligent plea. The Rule 11 hearing determines whether the plea was *in fact* intelligent (as well as voluntary). Competency goes merely to the mental potential of the accused. The Rule 11 determination goes to whether the potential to understand has been exercised in the presence of necessary and relevant facts. A Rule 11 determination that a plea was voluntary and intelligent subsumes and definitively determines that the plea was made by a competent defendant.

■ Although the initial responsibility of raising the question of incompetence of the accused to stand trial is on his counsel,

" . . . if the trial court learns from observation, reasonable claim or credible source that there is genuine doubt of defendant's mental condition to comprehend his situation or make his defense it is the duty of the court to order an inquiry concerning defendant's competence to stand trial, otherwise termed defendant's present sanity and determine that issue, and it may do so on its own initiative." Thursby v. State, supra at 68.

■ Appellant rightly argues that the trial Justice had cause to question the present sanity of the Defendant. Her husband informed the Court that she was confused and scared and mentally unstable. The pre-sentence investigation report commented on the Defendant's drug usage and also disclosed a history of psychiatric treatment. The Defendant told the presiding Justice that she was suffering from the mental effect of drug usage.[1]

---

1. Use of narcotics does not per se render a defendant incompetent to plead, nor does it make his plea unintelligent. United States ex rel. Fitzgerald v. LaVallee, 461 F.2d 601 (2nd Cir. 1972), cert. denied, 409 U.S. 885, 93 S.Ct. 121, 34 L.Ed.2d 142 (1972); Barton v. United States, 458 F.2d 537 (5th Cir. 1972); Grennett v. United States, 131 U.S.App.D.C. 202, 403 F.2d 928 (1968).

The question of incompetency to stand trial was never raised. The trial Justice, however, did conduct an extensive Rule 11 hearing to determine whether the proferred plea of guilty was the voluntary act of the Defendant, made with a full understanding and knowledge of both the charges against her and the consequences of her plea. He found, to his satisfaction, that the plea was valid. That finding necessarily included a determination that the Defendant was competent to stand trial and enter her plea. The Rule 11 hearing satisfied the inquiry on competence suggested by *Thursby*.

The finding that an accused is competent to make a voluntary and intelligent guilty plea does not preclude the possibility that the Defendant may be of unsound mind as to other subjects. Thursby v. State, *supra* at 68. We are concerned here only with the mental capacity of the accused as it relates to the criminal adjudication process. After careful examination, the trial Justice was satisfied that Bernice Vane could and, in fact, did enter a valid plea of guilty to the crime charged.

The necessity for an inquiry as to the competency of a defendant under any given set of circumstances lies within the discretion of the trial court, and its decision will not be disturbed except for arbitrary action or abuse of judicial discretion. *Id.* at 68, 69. In the present case, the competency determination was a necessary incident to the mandatory Rule 11 hearing. The hearing conducted was painstakingly thorough and not without sensitivity to the Defendant's emotional problems. The presiding Justice, upon defense counsel's request, granted the Defendant a personal interview in chambers prior to sentencing with only the court reporter and Defendant's lawyer in attendance. Defendant's privately retained trial attorney attested, during his pre-sentencing comments, to the fairness and thoroughness of the presiding Justice's examination. We are satisfied that the Justice fulfilled his obligation of establishing, as a matter of record, that the Defendant competently entered a voluntary plea of guilty to the indictment against her with full understanding of the charges, her legal rights and the consequences of her plea. *See* Wolcott v. United States, 407 F.2d 1149 (10th Cir. 1969), cert. denied, 396 U.S. 879, 90 S.Ct. 156, 24 L.Ed.2d 137 (1969).

A defendant who has been convicted upon a plea of guilty is without right to have review of the judgment of conviction by direct appeal except as to the sufficiency of the indictment, the jurisdiction of the court to try him, or the excessive or cruel and unusual nature of the punishment. Dow v. State, Me., 275 A.2d 815 (1971). In State v. LeBlanc, Me., 290 A.2d 193, 202 (1972), we suggested an exception to this rule might be in those rare cases where "the appeal record, within its own confines, establishes beyond possibility of rational disagreement the existence of representational deficiencies by counsel which are plainly beyond rational explanation of justification * * *."

Ordinarily under the principle of *Dow*, the claim which appellant makes concerning her mental capacity at the time the Rule 11 proceedings were had would not be reviewable on appeal because the Rule 11 record could be supplemented in a post-conviction habeas corpus proceeding either by the State or by the defendant who has initiated a post-conviction proceeding. Morgan v. State, *supra*. Analogizing from the exception suggested in *LeBlanc*, and extending it to the issue here under consideration, this appellant has urged that the appeal record before us is sufficient to demonstrate as a matter of law that her mental capacity was such the guilty plea should not have been accepted.

Our extensive review of the record, as set forth above, establishes that this contention of appellant is without merit. Remedy, if any, must be by post-conviction proceedings.

II. The attack on the sufficiency of the indictment may be considered on direct review despite the entry of a guilty plea. State v. Dow, *supra*. Appellant maintains that the indictment did not identify those drugs alleged to have been sold with sufficient specificity to apprise her of the particular drugs subject to this indictment. Appellant argues that she could not employ a plea of former acquittal or conviction as a bar to subsequent prosecution. We find no merit to this argument.

> The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. M.R.Crim.P., Rule 7.

The indictment contained more than mere essential elements of the crime. The indictment identified the party accused, date of the offense, place of the offense and purchasing party. It stated the operative act, negatived statutory exceptions, contained a statutory caption, and categorized the species of drug alleged to have been sold.

The appellant suggests that the failure to describe the drugs with greater particularity than "amphetamines" creates a flaw in the indictment, in that it leaves uncertain those specific amphetamines she is accused of selling.

Where a criminal statute is composed of general language, a mere recitation of those generic terms in an indictment will be insufficient to allege the offense. State v. Chick, Me., 263 A.2d 71 (1970) (Cheating by false pretenses);

State v. White, Me., 280 A.2d 810 (1971) (Breach of the peace).

The error of generic pleading, however, should not be confused with a general description of the specific subject matter involved in an alleged offense. The subject matter involved need not be described to the exclusion of all other similar objects or substances. The subject matter need only be described in such a manner as to establish the illegality of the operative act alleged and inform the accused of the nature of charges against her. Indictments for drug offenses are sufficiently specific where they identify the category of drug the sale of which is made illegal under the statute.[2] United States v. Keine, 424 F.2d 39 (10th Cir. 1970), cert. denied, 400 U.S. 840, 91 S.Ct. 85, 27 L.Ed.2d 75 (1970). *See also* Tritt v. United States, 421 F.2d 928 (10th Cir. 1970); Hemphill v. United States, 392 F.2d 45 (8th Cir. 1968); United States v. Hope, 53 F.R.D. 385 (D. C. Wis. 1971); State v. Girard, Me., 283 A. 2d 462 (1971).

The indictment correctly stated the elements of the offense charged and sufficiently notified the Defendant of the allegations to enable her to prepare her defense and to plead formal acquittal or conviction as a bar to any later prosecution for the same offense.

Upon a review of the pleadings and record of this case, we are satisfied that the proceedings were free from error.

The entry must be:

Appeal denied.

All Justices concurring.

---

2. In her brief, the Appellant argues that the indictment fails to establish whether the amphetamines were manufactured by a legitimate pharmaceutical house or were privately compounded, and that the omission resulted in an inability to determine the factual occurrence or the legality of the acts alleged. 22 M.R.S.A. § 2210–A prohibits the sale of any amphetamine, no matter the source, by by one other than a statutorily exempted party.