STATE of Maine

v.

Colby PERKINS.

Supreme Judicial Court of Maine.

Argued Nov. 4, 1986.
Decided Dec. 5, 1986.

John R. Atwood, Dist. Atty., William Anderson (orally), Patricia Worth, Asst. Dist. Attys., Belfast, for plaintiff.

Dennis Hagemann (orally), Damariscotta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

McKUSICK, Chief Justice.

After a jury trial the Superior Court (Waldo County) convicted defendant Colby

Perkins of one count of burglary, 17–A M.R.S.A. § 401 (1983), and one count of theft, 17–A M.R.S.A. § 353 (1983). The principal issue on defendant's appeal involves the Superior Court's pretrial finding that defendant was competent to stand trial. Reviewing that finding by a "clearly erroneous" standard, we affirm defendant's convictions.

Early in the morning of December 9, 1983, defendant and two acquaintances drove to the Grant's Dairy terminal in Belfast. While defendant and one colleague broke into the terminal and rummaged about looking for money, the other colleague remained outside, siphoning about 4½ gallons of gasoline from a truck parked behind the terminal. Although the truck bore the legend "Grant's Dairy," it, along with the siphoned gasoline, belonged to an independent route salesman, Horace Greeley. The threesome drove away from the terminal with the gasoline as the only product of their criminal enterprise.

On March 30, 1984, before he was brought to trial, defendant suffered a serious head injury in an automobile accident. On pretrial motions filed by defense counsel pursuant to 15 M.R.S.A. § 101 (Supp. 1986), defendant received a mental examination on August 7, 1984, and a subsequent examination on December 7, 1984. On February 19, 1985, a Superior Court justice, after an evidentiary hearing, found defendant competent to stand trial.

■■■ On the basis of their testing and observations, the psychiatrist and the two clinical psychologists who examined defendant gave their conclusory opinions that he lacked competence to stand trial. The motion justice, however, "was not required to accept the experts' opinion, even though this testimony stood uncontradicted by oth-

er expert evidence." *State v. Knights*, 482 A.2d 436, 440 (Me.1984). In order to find defendant Perkins competent to stand trial, the motion justice was required to find that he was

> capable of understanding the nature and object of the charges and proceedings against him, of comprehending his own condition in reference thereto, and of conducting in cooperation with his counsel his defense in a rational and reasonable manner.

*Thursby v. State*, 223 A.2d 61, 66 (Me. 1966). Since the justice fully inquired into the question of defendant's competence to stand trial, we review his factual determination by a "clearly erroneous" standard.[1] *See State v. Adams*, 457 A.2d 416, 417 (Me.1983); *Bennett v. United States*, 400 A.2d 322, 325 (D.C.1979). On the present record, the clinical psychologist and the psychiatrist who conducted the second examination of defendant reported, *inter alia*, that defendant understood the charge against him, the role of the jury, and the identity and function of his counsel, and knew that a prison term might result from a guilty verdict. In view of the underlying facts reported by the examiners and defendant's familiarity with the criminal justice system from prior experience, we cannot say that the justice's finding that defendant was competent to stand trial was clearly erroneous.

■■■ We can quickly dispose of defendant's other arguments of a fatal variance on the theft charge and of insufficient evidence to convict him on the burglary charge. The variance between the indictment, which stated that Grant's Dairy owned the stolen gasoline, and the proof at trial that a route salesman owned it was not fatal because the only proof of owner-

---

1. At the threshold, "[t]he necessity for an inquiry [into a defendant's competence to stand trial] under the particular circumstances addresses itself to the sound discretion of the court and its decision will not be disturbed except for arbitrary action or abuse of judicial discretion." *Thursby v. State*, 223 A.2d 61, 68–69 (Me.1966). *See also Clement v. State*, 458

A.2d 69, 70–71 (Me.1983) (post-conviction justice properly reviewed for abuse of discretion trial court's denial of post-verdict motion for mental examination); *State v. Ledger*, 444 A.2d 404, 418–19 (Me.1982) (trial court's denial of defense request made late in trial for further inquiry into defendant's competence, reviewed on abuse of discretion standard).

ship that was required for defendant's theft conviction under 17–A M.R.S.A. § 353(1) was that the gasoline belonged to someone other than defendant. *See State v. Brasslett,* 451 A.2d 890, 893 (Me.1982). Proof of the exact corporate ownership of the dairy terminal was not required to convict defendant of burglary under 17–A M.R.S.A. § 401(1). On the evidence before it, the jury could rationally find beyond a reasonable doubt that defendant entered the identified premises "knowing," in the language of section 401(1), "that he [was] not licensed or privileged to do so."

The entry is:

Judgments affirmed.

All concurring.