STATE of Maine

v.

Elwyn B. HEWETT, Jr.

Supreme Judicial Court of Maine.

Argued Sept. 15, 1987.

Decided March 2, 1988.

David W. Crook (orally), Dist. Atty., William Maselli, Law Intern, Augusta, for plaintiff.

Robert B. Cumler (orally), Davidson & Cumler, Waldoboro, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

NICHOLS, Justice.

The Defendant, Elwyn B. Hewett, Jr., appeals his conviction in the Superior Court, Kennebec County, for aggravated assault with a dangerous weapon in violation of 17-A M.R.S.A. § 208(1)(B) (1983).[1] He asserts that the trial court abused its discretion in failing to make a judicial determination of his competence to stand trial, and he claims that this abuse violated his rights to procedural due process under both state and federal constitutions.

One month after the Defendant was indicted in October, 1985, and entered a not guilty plea, a motion was made in his be-

---

**1.** 17-A M.R.S.A. § 208(1)(B) (1983) provides that:

    1. A person is guilty of aggravated assault if he intentionally, knowingly, or recklessly causes:

    B. Bodily injury to another with use of a dangerous weapon.

half for psychiatric evaluation and judicial determination of competency. His motion was granted, and the trial court subsequently received a report from Ulrich B. Jacobsohn, M.D., that the Defendant was competent to stand trial. That report specifically noted that its conclusion was "incomplete ... pending additional information." It appears that the Defendant's counsel never provided the "additional information" essential to the preparation of a complete report.

The State then moved, in August, 1986, for a hearing on the Defendant's competency. Because the trial court continued the case until January, 1987, the court did not immediately act upon the motion. The record discloses no objection by the Defendant to this inaction.

In November, 1986, the Defendant moved for a jury-waived trial. The Superior Court informed the Defendant of his right to a jury trial and that such an election was in preparation for, and binding upon, his upcoming trial. At this appearance no claim of any incompetency was made by the Defendant or in his behalf. Indeed, it appears that he executed a knowing and intelligent waiver of his right to a jury trial.

The trial began on January 7, 1987, again without mention by defense counsel of any lack of competency to stand trial. The Defendant entered the additional plea of not guilty by reason of insanity. The trial ensued, focusing almost exclusively on the Defendant's capacity to form the requisite criminal intent, and there was only one brief allusion to the Defendant's competency. That passing reference, elicited by State's counsel, did not evoke any comment or action by defense counsel. The Superior Court found the Defendant not guilty of attempted murder but guilty of aggravated assault.

■ On appeal, the Defendant does not claim that he was in fact incompetent to stand trial but rather that the trial court's failure to hold a competency hearing was a violation of due process. "Whether a criminal defendant was accorded procedural due process at trial is a dif-ferent question from whether his substantive due process right not to be tried when incompetent was in fact violated." *Clement v. State*, 458 A.2d 69, 73 (Me.1983). The latter can only be determined by an evidentiary hearing on a petition for post-conviction review. The former we determine by reviewing the record.

■ We observe first that competence to stand trial denotes that the accused is capable of understanding the nature of the charges and object of the proceedings against him, of comprehending his own condition in reference thereto, and, in cooperation with his counsel, of conducting his defense in a rational and reasonable manner. *State v. Perkins*, 518 A.2d 715, 716 (Me.1986); *Clement v. State*, 458 A.2d 69, 71 (Me.1983); *Thursby v. State*, 223 A.2d 61, 66 (Me.1966). *See also Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). The initial responsibility of raising the question of possible incompetence to stand trial is on his counsel, *Thursby v. State*, 223 A.2d at 68, but if the trial court learns from observation, reasonable claim or credible source that there is a genuine doubt of the accused's competency, it becomes the duty of the trial court to order an inquiry concerning his competence to stand trial. *Clement v. State*, 458 A.2d at 71; *State v. Ledger*, 444 A.2d 404, 419 (Me.1982); *Thursby v. State*, 223 A.2d at 68. A trial court's decision not to inquire into an accused's competency is disturbed only for arbitrary action or abuse of discretion. *State v. Perkins*, 518 A.2d at 716, n. 1; *Thursby v. State*, 223 A.2d at 68–69.

■ Here there was no abuse of discretion. It appears that defense counsel obtained only one medical report and that report indicated competency. Apparently satisfied by that report and his own observations of his client's ability to cooperate in a rational and reasonable manner, defense counsel made only one motion, that coming fourteen months before trial. Moreover, when the case was scheduled for trial, with no competency hearing yet held, defense counsel put no objection on the record.

**270**

Although the Defendant did not testify at the trial, the court had an opportunity to carefully observe the Defendant at that time and to personally observe and interrogate the Defendant during the jury-waiver hearing approximately six weeks before trial.

On this record, we conclude that the Defendant was not denied procedural due process.

The entry is:

Judgment affirmed.

All concurring.