**STATE of Maine**

v.

**David LANCIANI.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 14, 1989.

Decided July 6, 1989.

Mary Tousignant, Dist. Atty. and Anne Jordan, Asst. Dist. Atty., Alfred, for the State.

Ronald Graff, Standish, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

McKUSICK, Chief Justice.

After a jury trial in the Superior Court (York County, *Cole, J.*), David Lanciani was convicted of arson, 17–A M.R.S.A. § 802 (1983 & Supp.1988); aggravated criminal mischief, *id.* § 805 (1983); criminal threatening with a dangerous weapon, *id.* §§ 209, 1252(4); assault, *id.* § 207; burglary, *id.* § 401; and theft, *id.* §§ 353, 362(5). Contrary to Lanciani's contentions, the trial court did not err in finding him competent to stand trial, and the evidence was sufficient to support all six convictions. We affirm the judgments.

The jury could rationally have found the following facts: Lanciani broke into his ex-wife's apartment in Sanford early in the evening of November 4, 1987, beat her, and threatened to kill her, brandishing a barber's razor with a brownish-black plastic handle. She fought back. Her screams attracted attention and he fled. He then went to the factory and offices of Rubb, Inc., his former employer, near the Sanford Municipal Airport. Gaining access with a key he had copied while an employee, he emptied the cash box, vandalized the premises extensively, and set five separate fires, causing over $100,000 in property damage. Investigators found the razor, broken and with one corner missing, at Rubb, Inc., later that night. They found the missing piece the next day in the hallway outside Lanciani's ex-wife's apartment.

Lanciani was arrested in April 1988 in Florida. His trial for the offenses involved in this appeal was set to begin on August 29. On August 24, after plea negotiations broke down, he took an overdose of his prescribed antidepressant medication. The court postponed the jury selection scheduled to begin that day. Because a suicide attempt was suspected, Lanciani was sent

to the Augusta Mental Health Institute for observation. The psychiatrist treating him there reported on Friday, August 26, that he was fit to stand trial, and he was released into the custody of the State the following Monday. Lanciani's attorney immediately filed a motion to continue, averring that Lanciani was incapable of effectively assisting in his own defense. The court denied the motion at a hearing *in limine* the next day, and the trial commenced immediately.

 Lanciani's first contention on appeal is that the court erred in finding him competent to stand trial. We conclude, however, that the trial court's finding of fact was not clearly erroneous. The allegation that Lanciani was incompetent was supported only by the circumstances of his hospitalization and was expressly contradicted by the attending psychiatrist's conclusions. *See State v. Hewett*, 538 A.2d 268, 269 (Me.1988). Lanciani and his attorney were both present at the motion hearing. The court, personally observing Lanciani's demeanor, was able to make an informed evaluation of his condition at the time of the hearing and subsequently over the course of the two-day trial. In the circumstances the court acted well within its discretion in declining to conduct any further inquiry into Lanciani's competency. *See id.; State v. Ledger*, 444 A.2d 404, 418–19 (Me.1982).

 Second, Lanciani challenges the sufficiency of the evidence linking him to the crimes against Rubb, Inc. He does not deny that there is sufficient evidence that he committed the assault on his ex-wife and that someone a few hours thereafter committed the arson and other property crimes, but he argues that the evidence that he was the arsonist is "only circumstantial." Circumstantial evidence, however, can be just as probative as direct evidence. *See State v. Ledger*, 444 A.2d at 421. The test for sufficiency is not whether no alternative explanation of the evidence is consistent with the defendant's innocence, but whether such alternatives are sufficiently credible in light of the entire record that they necessarily raise a reasonable doubt. *Id.*

 The evidence of Lanciani's guilt is persuasive. The weapon he used to threaten his ex-wife was found in a broken condition at the factory. Also found at the scene was a cigarette· butt of the brand smoked by Lanciani. The arson took place a few hours after Lanciani had been positively identified in the same town in a frenzied condition: according to his ex-wife, when he broke into her apartment he "looked like he was out-of-it and dangerous. ... His eyes were really crazy, rolling in the back of his head, and he was spitting." The circumstances strongly suggested that the arsonist had a key to the factory; and Lanciani as a former employee of Rubb, Inc., had access to a key. He also was one of three former employees singled out by Rubb, Inc., as likely to have "hard feelings" due to "less than favorable terminations."

 Lanciani, however, contends that the identification of the razor, the central item of physical evidence, is shrouded in "a cloud of doubt." He makes a persuasive argument that the police officers mishandled the logging of vital evidence on the custody forms. But the discrepancies between the custody forms and the testimony of various witnesses regarding the exhibits were brought to the attention of the jury. The effect of those discrepancies on the weight of the evidence was for the jury to evaluate. The jury could rationally have found every element of each crime charged beyond a reasonable doubt. *See State v. Barry*, 495 A.2d 825, 826 (Me.1985).

The entry is:

Judgments affirmed.

All concurring.