STATE of Maine

v.

## Robert ATTANASIO.

Supreme Judicial Court of Maine.

Submitted on Briefs June 14, 1990.

Decided July 13, 1990.

Michael Povich, Dist. Atty., Carletta M. Bassano, Deputy Dist. Atty., Machias, for plaintiff.

Patrick C. Larson, Hale & Hamlin, Ellsworth, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, COLLINS and BRODY, JJ.

BRODY, Justice.

Robert Attanasio was convicted in Superior Court (Washington County, *Alexander, J.*) of arson, 17–A M.R.S.A. § 802 (1983 & Supp.1989), two counts of reckless conduct with the use of a dangerous weapon, 17–A M.R.S.A. § 211 (1983), four counts of criminal threatening with the use of a dangerous weapon, 17–A M.R.S.A. § 209 (1983), and violation of a protection order, 19 M.R.S.A. § 769 (1981), following a plea of guilty.[1] On appeal, Attanasio contends that the trial court erred in accepting a plea he claims he did not knowingly enter, and that his guilty plea should be withdrawn because he was denied effective assistance of counsel. We affirm the judgment.

Before the Superior Court accepted Attanasio's guilty plea, the attorney for the State informed the Court of the following factual basis for the charges against defendant, *see* M.R.Crim.P. 11(e). Attanasio's wife had sole possession of the marital home and he was forbidden by a protective order from entering onto the property. On April 9, 1989, Attanasio entered the house while his family was away, and while there a fire broke out in the home. Attanasio confronted citizen volunteers and law enforcement and fire department officials with threats and gunfire, and as a result the fire could not be contained and the house burned down. The trial court accepted Attanasio's plea of guilty after inquiry pursuant to M.R.Crim.R. 11. The court determined that the defendant entered his plea knowingly and intelligently.

Attanasio claims that statements made by the prosecutor during the Rule 11 hearing raise the issue of whether he was intoxicated at the time of the arson, which may raise a reasonable doubt as to the existence of the required culpable state of mind for arson. *See* 17–A M.R.S.A. § 37 (1983); *State v. Foster*, 405 A.2d 726, 729 (Me.1979). The prosecutor stated that after the fire had started and shortly before Attanasio's arrest, officers observed him drink from a vodka bottle he obtained from his car. Attanasio claims that he did not enter the plea with a full understanding of the nature of the charges against him because the court failed to apprise him that the State must prove that he was either not intoxicated, or not so intoxicated that he was prevented from forming the intent to commit the crime. *See* 17–A M.R.S.A. § 802. We find this argument without merit.

Attanasio was represented by counsel at all stages of the proceedings. He stated that he understood the nature of the charges against him and the consequences of his guilty plea. There is no indication that the plea was not made freely and voluntarily. On this record, the Superior Court did not err in finding that he entered his plea knowingly and intelligently. *See State v. Vane*, 322 A.2d 58, 61 (Me.1974); *Dow v. State*, 275 A.2d 815, 818 (Me.1971).

Attanasio also urges this court to find that his representation by counsel was inadequate. This court has repeatedly stated that it will not consider an issue of ineffective assistance of counsel on direct appeal "unless the record establishes beyond possibility of rational disagreement the existence of representational deficiencies by counsel which are plainly beyond explanation or justification." *State v. Dumont*, 379 A.2d 392, 392–93 (Me.1977); *State v. LeBlanc*, 290 A.2d 193, 202 (Me. 1972). This record fails to establish such deficiencies.

The entry is:

Judgment of conviction affirmed.

All concurring.

---

1. As a result of a plea agreement, one count of reckless conduct with the use of a dangerous weapon, and four counts of criminal threatening with the use of a dangerous weapon were dismissed.