**STATE of Maine**

v.

**Martin J. COMER.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 31, 1990.
Decided Dec. 27, 1990.

R. Christopher Almy, Dist. Atty., Jessie B. Gunther, Asst. Dist. Atty., Bangor, for State.

Charles Hodsdon, Bangor, for defendant.

Before McKUSICK, C.J., and GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, Justice.

Martin J. Comer appeals from judgments of conviction entered by the Superior Court (Penobscot County, *Beaulieu, J.*) on charges of assault on a child, 17–A M.R.S.A. § 207 (1983), and aggravated furnishing of scheduled drugs to a child, 17–A M.R.S.A. § 1105 (1983). Comer's convictions were based on guilty pleas entered pursuant to an agreement with the State.[1] Comer contends that the Superior Court abused its discretion in denying his motion to withdraw the guilty pleas, made two months after the pleas were entered but before sentencing. We find no abuse of discretion in the trial court's denial of Comer's motion to withdraw his guilty pleas and affirm the convictions.

On appeal, Comer contends that his motion to withdraw the guilty pleas was improperly denied because the proceeding at which he entered his guilty pleas was deficient. He contends that he (1) was not properly notified of his right to a speedy trial; (2) was not properly informed of all of the terms of the plea agreement as required by M.R.Crim.P. 11A and thus could not plead guilty voluntarily; (3) lacked capacity to plead guilty and thus could not knowingly plead guilty; and (4) received ineffective assistance of counsel. The record fails to support these contentions.

■ A criminal defendant may withdraw a previously entered guilty plea upon a motion made before the imposition of sentence. *State v. Malo*, 577 A.2d 332 (Me.1990); M.R.Crim.P. 32(d).[2] A criminal defendant does not enjoy an absolute right to withdraw a previously entered plea. *Id.; State v. Boone*, 444 A.2d 438, 441 (Me. 1982). Rather, the decision to grant or deny a motion to withdraw a plea is based upon the facts and circumstances of the particular case with the ultimate purpose of furthering justice. *Malo*, 577 A.2d at 333. Factors to be considered include the length of time between entering the plea and attempting to withdraw it, the potential prejudice to the prosecution, the defendant's assertions of innocence and any deficiency in the proceeding at which the defendant entered the plea in accordance with M.R.Crim.P. 11. *Id.* The trial court's decision to deny a motion to withdraw a guilty plea is reviewed only for an abuse of discretion. *Id.*

■ M.R.Crim.P. 11, which Comer contends was not complied with, establishes a procedure to ensure that constitutional and procedural prerequisites are met before a guilty plea is accepted. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274 (1969); *State v. Beal*, 446 A.2d 405, 408 (Me.1982). A plea is valid if it is made voluntarily with knowledge of the elements of the crime, the penalty that might be imposed and the constitutional rights relinquished by foregoing trial. *Malo*, 577 A.2d at 333; M.R.Crim.P. 11(c), (d).[3] The Rule lists four specific con-

1. Consistent with the State's recommendation at the time of the pleas, the court sentenced Comer on the Class C aggravated furnishing of drugs to two years to the Department of Corrections, all but six months suspended, followed by two years' probation. On the Class D assault, Comer received a concurrent six-month sentence.

2. M.R.Crim.P. 32(d) provides in pertinent part:
   A motion to withdraw a plea of guilty ... may be made only before sentence is imposed or imposition of sentence is suspended.

3. M.R.Crim.P. 11(c), (d) provide in pertinent part:
   (c) **Insuring That the Guilty Plea Is Made Knowingly.** Before accepting a plea of guilty ... the court shall address the defendant personally in open court and inform the defen-

dant of, and determine that the defendant understands the following:
(1) The elements of the crime charged, the maximum possible sentence and any mandatory minimum sentence; and
(2) That by pleading guilty ... the defendant is relinquishing the right to a trial, at which the defendant would have the following rights:
(A) The right to be considered innocent until proven guilty by the state beyond a reasonable doubt; and
(B) The right to a speedy and public trial by the court or by a jury; and
(C) The right to confront and cross-examine witnesses against the defendant; and
(D) The right to present witnesses on the defendant's behalf and the right to either be or

stitutional rights, including the right to a "speedy public trial," that must be explained to the defendant by the presiding justice at the Rule 11 proceeding.

## Speedy Trial

■ The record reveals that at Comer's Rule 11 hearing the court did not mention that Comer had the right to a "speedy public trial." Comer contends for the first time on appeal that he never would have pleaded guilty had he been told of his right to a speedy trial. He states that he was coerced into pleading guilty by the "fact of his incarceration and the possibility that it would stretch on for a considerable period of time without coming to trial." We find Comer's contention to be without merit.

The court carefully explained to Comer that he was giving up his right to be considered innocent until proven guilty by the State beyond a reasonable doubt; his right to a trial by the court or by a jury; his right to confront the witnesses against him and present his own witnesses; his right to challenge due process violations; and his right to appeal errors. Comer was also told that a plea of guilty has the same effect as a finding of guilt after trial. *See Boone*, 444 A.2d at 442. Comer acknowledged that he understood each of the rights explained to him by the court and there is no indication in the hearing transcript that his waiver of these rights was unknowing or involuntary. While the court did not mention the words "speedy public trial," doing so under the circumstances of this case would not have provided Comer with any additional information with which to enter knowing and voluntary pleas. The record shows that Comer's case was scheduled for trial on January 31, 1990, the same day he entered his guilty pleas. The court was under no obligation to estimate how many days the trial might take. Under these circumstances, there was no defect regarding notice of the right to a speedy public trial in the Rule 11 proceeding.

## Conditions of Probation

■ Comer next contends that his guilty pleas are invalid because he was not made aware of the conditions of probation prior to sentencing. He contends that this constitutes a violation of the plea agreement he made with the State. The conditions of Comer's probation include sex offender evaluation and counseling, substance abuse evaluation and a prohibition on unsupervised contact with children. Comer contends that he never pleaded guilty to a sex offense[4] and would not have agreed to plead guilty to the assault and aggravated furnishing of a scheduled drug charges had he been told that the conditions of his probation would include sex offender evaluation and counseling.

Rule 11 instructs the court to inquire "as to the existence and terms of a plea agreement, as provided in Rule 11A." M.R. Crim.P. 11(d). Rule 11A[5] obliges the court to require disclosure, on the record and in open court, of the terms of the agreement and any recommendations for a particular disposition contained in the agreement.

---

decline to be a witness on the defendant's behalf.

(d) **Insuring That the Plea Is Voluntary.** Before accepting a plea of guilty ... the court shall determine that the plea is the product of the defendant's free choice and not the result of force, threats or promises other than those in connection with a plea agreement.

The court shall make this determination by addressing the defendant personally in open court.

The court shall inquire as to the existence and terms of a plea agreement, as provided in Rule 11(A).

4. Comer was initially charged with two counts of unlawful sexual contact, 17–A M.R.S.A. § 255 (1983), in addition to the assault and aggravated furnishing of drugs charges. The unlawful sexual contact charges were dropped as part of Comer's plea agreement with the State.

5. Rule 11A provides in pertinent part:

(b) **Notice of Plea Agreement.** If a plea agreement has been reached by the parties, the Superior Court shall, on the record, require the disclosure of the agreement in open court at the time the plea is offered.

(c) **Statement of Reasons in the Case of a Class C or Higher Crime.** If the plea agreement in the case of a Class C or higher crime includes a recommendation ... [for a particular disposition], the attorney for the state shall set forth on the record the reasons for the recommendation.

At the Rule 11 hearing, the prosecutor explained the terms of the plea agreement, which called for a split sentence, on the record in open court.[6] The prosecutor recommended that the court order a presentence investigation and also mentioned that the State would be asking for specific conditions of probation, but no specific conditions of probation were recited at the Rule 11 proceeding. Although Comer's attorney indicated that he was not aware that conditions of probation were part of the plea agreement, Comer did not object at that time to the fact that conditions of probation could be imposed by the court. The court ordered a presentence investigation and a psychological evaluation of Comer. Those reports, which were reviewed by the court prior to sentencing, clearly indicated that sex offender evaluation and counseling, and prohibition of unsupervised contact with children be imposed as conditions of probation and recommended them. Given the sexual nature of the assault and the aggravated furnishing of drugs to a child charges to which Comer pleaded guilty, those conditions were in no way unusual. There is nothing in this record to demonstrate that conditions of probation were unexpected in general, or that the specific conditions to which Comer objects were in any way a violation of the plea agreement.[7]

### Competence to Plead Guilty

■ Comer contends that he lacked competence to knowingly plead guilty because he was suffering from depression and was taking medication to control the depression at the time the pleas were entered.

■ In order to be valid, a defendant's plea of guilty must be entered voluntarily and knowingly. M.R.Crim.P. 11(b)(1), (2). A defendant must be mentally competent at the time the plea is entered in order for the plea to be voluntary and knowing. *Littlefield v. State*, 429 A.2d 1006, 1009 (Me.1981); *State v. Vane*, 322 A.2d 58, 61 (Me.1974).[8] Competence to enter a plea requires the defendant's capability to understand the nature of the charges and the nature and object of the Rule 11 proceeding, particularly that the right to a trial and attendant rights are being waived, the ability to cooperate with counsel, and the defendant's ability to comprehend his condition and conduct himself in a rational and reasonable manner. *See State v. Hewett*, 538 A.2d 268, 269 (Me.1988). Although the trial court has a duty to make inquiries as to competence if it learns from observation or a credible source that there is a genuine doubt as to competence, *id.*, the court is otherwise entitled to rely upon defense counsel to bring to its attention any question as to the defendant's competence. *Thursby v. State*, 223 A.2d 61, 68 (Me.1966). The State has no duty to establish the defendant's competence until the defendant first demonstrates a lack thereof. *Boone*, 444 A.2d at 442; *Littlefield*, 429 A.2d at 1009. The trial court's factual determination of competence will be reviewed only for clear error. *State v. Perkins*, 518 A.2d 715, 716 (Me.1986).

There was nothing to place the presiding justice on notice that Comer was incompetent to plead guilty because of psychological problems or his ingestion of drugs. The record reveals that the presiding justice addressed the defendant personally and had an opportunity to observe his responses and general demeanor. Such observations gave the court a basis to form an opinion that the defendant was competent to enter guilty pleas. *Perkins*, 518 A.2d at 716. Although the presiding justice made no specific findings regarding

6. The sentence imposed by the court was consistent with the plea agreement. *See supra* note 1.

7. At the time of sentencing, the prosecutor made no recommendation as to conditions of probation.

8. "Competency is concerned with the *ability* to make an intelligent plea. The Rule 11 hearing determines whether the plea was *in fact* intelligent (as well as voluntary). Competency goes merely to the mental potential of the accused. The Rule 11 determination goes to whether the potential to understand has been exercised in the presence of necessary and relevant facts. A Rule 11 determination that a plea was voluntary and intelligent subsumes and definitively determines that the plea was made by a competent defendant." *State v. Vane*, 322 A.2d 58, 61 (Me. 1974) (emphasis in original).

Comer's competence to plead guilty, his implicit conclusion that Comer was competent is fully supported by the record which shows Comer to be responsive to questions, cooperative and generally rational and coherent. There was no error in denying Comer's motion to withdraw the guilty pleas.

### Ineffective Assistance of Counsel

 Finally, Comer contends that he was deprived of the effective assistance of counsel both at the Rule 11 proceeding and at the hearing on his motion to withdraw the guilty pleas.[9] Comer argues that he was deprived of a viable ground for withdrawing the pleas because his counsel failed to investigate and alert the trial court to the possibility that he was incompetent to enter the guilty pleas.

Ordinarily, a claim of ineffective assistance of counsel is pursued through the post-conviction process. This court will examine a claim of ineffective assistance of counsel on direct appeal only when the record is adequate for review without further evidentiary hearings. *See Vane,* 322 A.2d at 62.

Comer did not raise the issue of ineffectiveness of counsel during the hearing on his motion for withdrawal of the pleas but did raise the issue during sentencing. At sentencing, the court received evidence from Comer indicating that he informed his first court-appointed attorney that he questioned his competency to plead guilty knowingly and that he wanted that attorney to contact his treating physicians and a psychologist as possible witnesses on his behalf at the hearing on his motion to withdraw the pleas. The attorney contacted these potential witnesses but only after the hearing on Comer's motion to withdraw. The record gives no indication as to what their testimony might have been and at sentencing the Superior Court made no explicit findings on the issues of competence and effectiveness of counsel. In the absence of evidence concerning Comer's psy-

chological condition, the record is insufficient to determine on direct appeal whether defense counsel's failure to investigate and raise the issue of competency at the Rule 11 proceeding and the hearing on the motion to withdraw the pleas deprived Comer of a viable ground for withdrawal of his pleas.

The entry is:

Judgments affirmed.

All concurring.

---

9. Comer has been represented by three different attorneys. The first withdrew following the Rule 11 hearing. The second withdrew immediately after sentencing. Comer is represented on appeal by a third attorney.