STATE of Maine

v.

Bobby BOWMAN.

Supreme Judicial Court of Maine.

Argued June 2, 1992.
Decided July 14, 1992.

David W. Crook, Dist. Atty., Alan P. Kelley (orally), Deputy Dist. Atty., Augusta, for plaintiff.

Peter B. Bickerman (orally), Lipman & Katz, Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

After a jury-waived trial in the Superior Court (Kennebec County, *Delahanty, C.J.*), Bobby Bowman appeals from the judgments entered on the court's finding that he was guilty of aggravated assault, 17–A M.R.S.A. § 208 (1983), [1] and assault, 17–A

---

1. 17–A M.R.S.A. § 208 states in pertinent part:

**1.** A person is guilty of aggravated assault if he intentionally, knowingly, or recklessly causes:

M.R.S.A. § 207 (1983 & Supp.1991).[2] Contrary to Bowman's contentions, the evidence is sufficient to support the court's finding that Bowman was the perpetrator of the injuries inflicted upon the victim and that those injuries constituted "serious bodily injury" as defined by 17–A M.R.S.A. § 2(23) (1983).[3] We find no merit in Bowman's further contention that the separate convictions for aggravated assault and assault violated Bowman's constitutional protection against double jeopardy, and we affirm the judgments.

■ Bowman first challenges the sufficiency of the evidence to support his conviction of the charged offenses. Although he admits that he had the means and opportunity to commit the offenses, he argues that other people had contact with the victim and the court should have been left with a reasonable doubt as to the identity of the perpetrator.

The court heard the following evidence: Bowman shared an apartment with the mother of two minor children, one seven years of age and the victim, who was two years of age. The mother had dressed the victim the morning of September 30 and did not observe any unusual bruises or marks on her body. Bowman took care of both children from 1:00 p.m. to 10:00 p.m. on that day while the mother was at work. At approximately 4:00 p.m. the seven-year-old child had gone to the nearby home of his great uncle. At approximately 6:00 p.m. they had both returned to the mother's home and found the victim lying naked on the living room floor. Bowman was bending over her and wiping her with a towel. He stated he had just given the victim a bath. During the few moments the great uncle remained, he observed that the victim seemed "lifeless" and her lips were black and blue but observed no other bruises on her body. The seven-year-old

had not seen anyone touch the victim "on her privates" and denied that he had ever done so.

On the morning of October 1, 1990, the mother noticed blood following one of the victim's bowel movements. On inspection, she found bruises on the child's genitals and called the family doctor who examined the child that morning and observed a number of additional bruises on her face and body. He referred the child to Dr. Laurence Ricci, the medical director of a child abuse evaluation program, for a more detailed analysis of the injuries. Dr. Ricci examined the child at noon of that day and determined that the various bruises were characteristic of non-accidental trauma. He found bruises on the child's neck, buttocks and abdomen; redness and swelling around the genital area with laceration of the vagina and hymenal tissue; and her mouth was red and swollen with ulcers on the inside of her cheeks. He estimated that the genital injuries were inflicted no less than twelve hours and no more than twenty-four hours prior to his examination and the bruises to the neck and mouth area were inflicted within the same time frame. In his opinion it was improbable, if not impossible, that a child the size and with the strength of a seven-year-old could have inflicted the victim's injuries.

■ Although the evidence against Bowman was entirely circumstantial, it is well established that a conviction may rest entirely on circumstantial evidence, *State v. Crosby*, 456 A.2d 369, 370 (Me.1983), and a conviction based on such evidence is not for that reason any less conclusive. *State v. Ingalls*, 544 A.2d 1272, 1276 (Me.1988). The evidence against Bowman primarily consists of the testimony of Dr. Ricci that the injuries to the victim's vaginal and rectal areas, as well as the mouth and neck

---

**A.** Serious bodily injury to another[.]

**2.** 17–A M.R.S.A. § 207 provides:
 **1.** A person is guilty of assault if he intentionally, knowingly, or recklessly causes bodily injury or offensive physical contact to another.

**3.** "Serious bodily injury" means a bodily injury which creates a substantial risk of death or

which causes serious, permanent disfigurement or loss or substantial impairment of the function of any bodily member or organ, or extended convalescence necessary for recovery of physical health.

17–A M.R.S.A. § 2(23).

areas, were inflicted no less than twelve hours and no more than twenty-four hours prior to his examination of her on October 1 at noon. The court also heard testimony from all the persons who had contact with the victim during the relevant time period and was in the best position to evaluate their credibility and their involvement with the victim. Only Bowman was alone with her during the time frame established by Dr. Ricci. It is not necessary for the trial court to eliminate any possible alternative explanation of the evidence; the question is whether such alternative is sufficiently credible in light of the entire record that it necessarily raises a reasonable doubt. *State v. Lanciani,* 560 A.2d 1080, 1082 (Me.1989). Based on the evidence heard by the court, it rationally could find beyond a reasonable doubt that Bowman was the perpetrator of the injuries inflicted on the victim. *State v. Barry,* 495 A.2d 825, 826 (Me.1985).

 Bowman also contends that the evidence was insufficient to establish the elements of an aggravated assault because the victim did not suffer "serious bodily injury." The court in finding Bowman guilty of aggravated assault was satisfied that the injuries to the victim's vaginal and rectal areas were so severe that "extended convalescence" was necessary for recovery. We have not previously defined the term "extended convalescence." It is a fundamental rule in statutory construction that words be given their plain ordinary meaning. *Mullen v. Liberty Mut. Ins. Co.,* 589 A.2d 1275, 1277 (Me.1991). Webster defines the term "convalescence" as the "[g]radual return to health after illness or the period needed for it." *Webster's II New Riverside University Dictionary* (1984). Although Dr. Ricci testified that the victim's vaginal injuries were 90% healed by October 9, 1990, he continued treatment of her injuries, including the vaginal injuries, until December 1990. He testified to extensive scarring of the vaginal-hymenal area and opined that he had never seen injuries as severe as hers in the over 1,500 children he has examined for vaginal trauma. As for the impairment to

the function of the vagina, Dr. Ricci testified as follows:

> I would characterize the immediate impairment function to that area as moderate to severe. The long term impairment remains somewhat uncertain. It is very possible that the severity of scarring and tearing in that area can produce lifelong disability in terms of adult sexual relationships and reproduction capabilities.

In light of Dr. Ricci's testimony, we are satisfied that the trial court rationally could find that Bowman was guilty of aggravated assault.

 We find no merit in Bowman's final contention that the separate convictions for aggravated assault and assault deprived him of his constitutional protection against double jeopardy. Although the State is constitutionally prohibited from convicting Bowman for two offenses based on the same evidence, *State v. Thornton,* 540 A.2d 773, 776 (Me.1988), the trial court clearly distinguished the facts underlying the two different convictions. The court based the conviction for aggravated assault on the injuries to the victim's vaginal and rectal areas. It based Bowman's conviction of assault on its finding of bodily injury inflicted on the victim as demonstrated by the bruises to the other areas of her body.

The entry is:

Judgments affirmed.

All concurring.