MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2019 ME 83
Docket:        Ken-18-354
Argued:        May 7, 2019
Decided:       May 30, 2019

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM,* and HUMPHREY, JJ.

STATE OF MAINE

v.

ARNO A. BITTUES

HUMPHREY, J.

[¶1]  Arno A. Bittues appeals from a judgment of conviction of operating under the influence (OUI) (Class D), in violation of 29-A M.R.S. § 2411(1-A)(A) (2018), entered by the court (Kennebec County, *Delahanty, J.*) after a bench trial.  We affirm the judgment.

## I.  BACKGROUND

[¶2]  The following facts are drawn from the court's oral findings and from the trial record, viewed in the light most favorable to the State.  *See State v. Woodard*, 2013 ME 36, ¶ 19, 68 A.3d 1250.

---

* Although not available at oral argument, Justice Hjelm participated in the development of this opinion.  *See* M.R. App. P. 12(a)(2) ("A qualified Justice may participate in a decision even though not present at oral argument.").

[¶3]  Approximately ten minutes before midnight on February 3, 2018, a trooper from the Maine State Police responded to a phone call from a residence in Wayne reporting moaning and yelling coming from outside.  The trooper drove to the driveway at the address and observed a minivan with its front driver's side tire stuck in the snowbank on the left side of the long driveway.  The driveway was plowed; however, there was some residual snow on its surface and about two and a half feet of snow on either side of the driveway.  After confirming that there was no one in the minivan, the trooper continued to drive towards the home.

[¶4]  As he approached the house, the trooper observed one male standing close to the home, then heard moaning, looked to his left and saw another man, later identified as Bittues, kneeling face down in the snow about fifteen or twenty feet off the left side of the driveway.  The trooper left his vehicle, walked over to Bittues, and observed a single set of footprints leading from the driver's side of the minivan running parallel to the driveway to the place where Bittues was kneeling.  The trooper detected a strong odor of alcohol on Bittues's breath and noticed that his eyes were glassy and bloodshot.

[¶5]  After a second trooper arrived and helped the first trooper assist Bittues to walk from the snow to the driveway, Bittues told the troopers that he

believed that he was in a parking lot outside a bar in another town—Winthrop. Bittues also confirmed that the minivan was his and that he was the only person who drives the vehicle, but he would neither confirm nor deny that he had driven that night. The first trooper attempted to administer a field sobriety test—the horizontal gaze nystagmus test; however, Bittues was unable to follow the trooper's directions for performing the test. The trooper transported Bittues to the Winthrop Police Department, where he administered an intoxilyzer test. Bittues had a blood-alcohol content of .25 grams of alcohol per 210 liters of breath. Meanwhile, the second trooper remained at the scene to wait for a tow truck and take photographs of the car and footprints.

[¶6] Bittues was charged with OUI, in violation of 29-A M.R.S. § 2411(1-A)(A). At the bench trial, Bittues conceded that he was under the influence of intoxicants and contested only the allegation that he had operated a motor vehicle. The court found, based on the photographs and the troopers' testimony, that Bittues had operated the minivan while under the influence and sentenced him to ninety-six hours in jail—to be satisfied by the two-day alternative sentencing program—and imposed a $500 fine and a 150-day license suspension. Bittues timely appealed. M.R. App. P. 2B(b)(1).

## II. DISCUSSION

[¶7]  On appeal, Bittues argues that there was insufficient evidence for the court to have found, beyond a reasonable doubt, that he operated a motor vehicle while under the influence.  When a criminal defendant claims on appeal that the evidence was insufficient to support his conviction, "we view the evidence in the light most favorable to the State to determine whether the fact-finder could rationally find every element of the offense beyond a reasonable doubt." *Woodard*, 2013 ME 36, ¶ 19, 68 A.3d 1250.  When the court makes specific factual findings in reaching its verdict, "we review those findings for clear error and will uphold them if supported by competent evidence in the record." *State v. Wilson*, 2015 ME 148, ¶ 13, 127 A.3d 1234.

[¶8]  "In a nonjury trial, the court is free to determine which witnesses to believe and which evidence to accept or reject as trustworthy or untrustworthy as long as there is evidence by which a fact-finder could rationally conclude, beyond a reasonable doubt, that the crime was committed."  *Id.* (quotation marks omitted).  "It is not necessary for the trial court to eliminate any possible alternative explanation of the evidence; the question is whether such alternative is sufficiently credible in light of the entire record that it necessarily raises a reasonable doubt." *State v. Bowman*, 611 A.2d 560, 562 (Me. 1992).

[¶9]  Contrary to Bittues's argument, the court's findings are supported by competent evidence in the record that was sufficient to allow a fact-finder to rationally conclude, beyond a reasonable doubt, that Bittues did, in fact, operate a motor vehicle while under the influence.[1]  *See Wilson*, 2015 ME 148, ¶ 13, 127 A.3d 1234; *Woodard*, 2013 ME 36, ¶ 19, 68 A.3d 1250.  Bittues was found kneeling in the snow yards away from where the troopers discovered his minivan stuck in a snowbank; both troopers observed footprints deep in the snow leading from the driver's side door; one trooper observed that the footprints led from the driver's side of the vehicle to the place where Bittues was kneeling in the snow; and Bittues conceded that he was intoxicated and admitted to the troopers that no one else drives the vehicle.  Presented with this evidence, the court did not err in concluding, beyond a reasonable doubt, that Bittues had operated a motor vehicle while intoxicated in violation of 29-A M.R.S. § 2411(1-A)(A).

The entry is:

> Judgment affirmed.

---

[1]  Bittues argues that the testimony of the second trooper and the photographs that the second trooper took after the first trooper and Bittues had left the scene require us to determine that the evidence was insufficient to permit the court to rationally find that Bittues was the operator of the minivan.  We disagree because competent evidence in the record, including the photographs and the testimony of the first trooper, when viewed in the light most favorable to the State, are sufficient to allow a fact-finder—here, the court—to rationally conclude beyond a reasonable doubt that Bittues did, in fact, operate the vehicle.  *See State v. Woodard*, 2013 ME 36, ¶ 19, 68 A.3d 1250.

6

Caleb J. Gannon, Esq. (orally), Lipman & Katz, PA, Augusta, for appellant Arno A. Bittues

Maeghan Maloney, District Attorney, David M. Spencer, Asst. Dist. Atty., and Frayla Tarpinian, Asst. Dist. Atty. (orally), Kennebec County District Attorney's Office, Augusta, for appellee State of Maine

Kennebec County Unified Criminal Docket docket number CR-2018-240
FOR CLERK REFERENCE ONLY