STATE of Maine

v.

**Randolph BRADSTREET.**

Supreme Judicial Court of Maine.

Argued Jan. 7, 1987.
Decided Feb. 24, 1987.

John D. McElwee, Dist. Atty., Neale T. Adams (orally), Deputy Dist. Atty., Caribou, for plaintiff.

James Moriarty (orally), Presque Isle, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

SCOLNIK, Justice.

Randolph Bradstreet appeals a judgment of the Superior Court, Aroostook County, entered after pleading guilty to one count of burglary, 17–A M.R.S.A. § 401 (1983 & Supp.1986) (Class B), and one count of gross sexual misconduct, 17–A M.R.S.A. § 253 (Supp.1986) (Class A). He contends that the presiding justice erred (1) in allegedly failing to advise him of the maximum possible sentence allowable for gross sexual misconduct and (2) in denying his motion to withdraw his guilty pleas. We disagree and affirm the judgment.

According to the State's narrative of the evidence it was prepared to offer at trial, which was presented at the Rule 11 proceeding, the defendant and another individual attacked and sexually assaulted a woman for several hours after breaking into her home in the middle of the night. The defendant was identified by a thumb print obtained from the woman's bathroom matching that of the defendant. At the hearing, the defendant admitted having entered the woman's house with the intent to commit rape, but did not remember the course of events upon entering the house.

The trial justice conducted a careful, thorough examination of the defendant under Rule 11, addressing him personally in open court and ascertaining that the defendant was aware of the rights that he would be relinquishing by entering a guilty plea. The court was satisfied that the defendant understood the constitutional rights that he would be waiving, the nature of the charges against him, and that there was a factual basis for the charges. The defendant stated that he understood both

the nature of the proceeding and the nature of the charges, and that he was relinquishing his constitutional rights of his own free will.

Nearly two months after entering guilty pleas to both counts of the indictment at the Rule 11 hearing, the defendant moved pursuant to Rule 32(d) of the Maine Rules of Criminal Procedure for leave to withdraw his pleas. He alleged that he did not fully comprehend the proceedings and therefore did not enter his plea knowingly. In support of his motion, he cited a psychological evaluation indicating that he possessed below average intelligence, was marginally illiterate and possibly had a learning disability. He concurrently moved for a neuropsychological examination, alleging that at an early age he suffered an accident that possibly could have resulted in either neurological damage or organic brain syndrome. The court denied both motions and sentenced the defendant to the maximum of 20 years imprisonment on the gross sexual misconduct count and to 10 years on the burglary count.

The defendant raises for the first time on appeal the contention that the justice failed to advise him of the maximum possible sentence for gross sexual misconduct[1] as required by Rule 11(c)(1) of the Maine Rules of Criminal Procedure.[2] Upon learning that the defendant intended to assert this contention on appeal, the Superior Court justice who conducted the Rule 11 hearing submitted an affidavit to this court, attesting to his specific recollection that he informed the defendant of the maximum possible penalty for gross sexual misconduct. The justice stated that he contacted the court reporter who transcribed the Rule 11 hearing, and without informing her of his recollection on the matter ascertained that she also possessed a specific recollection that the defendant was informed of the maximum penalty for gross sexual misconduct. The justice further ascertained from his conversations with the court reporter that her ability to transcribe the proceedings may have been affected by illness at the time of the hearing, which resulted in her hospitalization for medical reasons shortly thereafter. The court reporter also submitted an affidavit to this court, verifying the statements of the trial justice and acknowledging that the omission was her error. In particular, she stated that she had an as yet undiagnosed medical condition at the time of the hearing, and that she had a clear and present recollection that the justice informed the defendant of the maximum possible penalty for gross sexual misconduct although her stenographic notes and the transcript did not reflect this information.

We conclude that the record was adequately supplemented on this appeal pursuant to Rules 36[3] and 39(h)[4] of the

---

1. The maximum sentence allowable for gross sexual misconduct, 17–A M.R.S.A. § 253(1)(A) (Supp.1986), a Class A crime, is a term of imprisonment of 20 years. *See* 17–A M.R.S.A. § 1252(2)(A) (1983).

2. Rule 11 provides in pertinent part:
   (b) Prerequisites to Accepting a Plea of Guilty or Nolo Contendere. In all proceedings in which the office charged is murder or a Class A, Class B, or Class C crime, before accepting a plea of guilty or nolo contendere, the court shall insure:
   (1) That the plea is made with knowledge of the matters set forth in subdivision (c); and ...
   (c) Insuring That the Plea is Made Knowingly. Before accepting a plea of guilty or nolo contendere, the court shall address the defendant personally in open court and inform him of, and determine that he understands, the following:

   (1) The elements of the crime charged, *the maximum possible sentence* and mandatory minimum sentence ...
   (Emphasis added).

3. Rule 36 (Clerical Mistakes) provides:
   Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the Law Court, and thereafter, while the appeal is pending may be so corrected with leave of the Law Court.

4. Rule 39(h) (Power of Superior Court to Supplement Record on Appeal) provides:
   If any difference arises as to whether the record on appeal truly discloses what oc-

Maine Rules of Criminal Procedure. Both rules allow for the supplementation of the record on appeal without notice to the other party. The affidavits of the Superior Court justice and court reporter make clear that the defendant was advised of the maximum possible sentence for gross sexual misconduct, although the information was facially omitted from the Rule 11 hearing transcript. Because we deem the record to have been properly supplemented, we need not reach the issue of whether failure to advise the defendant of the maximum possible sentence for gross sexual misconduct would, under these facts, constitute grounds for allowing the defendant to plead anew.

The defendant also contends that the justice erred in denying his motion to withdraw his guilty pleas pursuant to M.R. Crim.P. 32(d).[5] A motion to withdraw a guilty plea under Rule 32(d) before sentence is imposed is addressed to the sound discretion of the presiding justice. *State v. Boone,* 444 A.2d 438, 441 (Me.1982); *State v. Gilcott,* 420 A.2d 1238, 1239 (Me.1980); *see also State v. Pokorny,* 458 A.2d 1212, 1216 (Me.1983). We discern no abuse of discretion in the denial of the defendant's motion to withdraw his guilty pleas. As we have previously noted, the record demonstrates that the justice carefully questioned the defendant to make certain that the guilty pleas were being entered knowingly, intelligently and voluntarily, that the defendant understood the nature of the proceedings and the charges against him, and that he understood the consequences of the waiver of his constitutional rights. Nothing in the record suggests that the defendant acted other than voluntarily or knowingly. We therefore conclude that the presiding justice committed no error.

curred in the Superior Court or if anything material to either party is omitted from the record on appeal, the Superior Court may on motion or suggestion supplement the record to correct the omission or misstatement or the Law Court may on motion or suggestion direct that a supplemental record be transmitted by the Superior Court Clerk. All other

Accordingly, the entry is:

Judgment affirmed.

All concurring.

questions as to the content and form of the record shall be presented to the Law Court.

**5.** Rule 32(d) provides:

A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended.