STATE of Maine

v.

**Robert MALO.**

Supreme Judicial Court of Maine.

Argued June 13, 1990.
Decided June 28, 1990.

Charles K. Leadbetter (orally), Jeffrey L. Hjelm, Asst. Attys. Gen., Augusta, for the State.

Stanley Brown (orally), Belfast, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, Justice.

Defendant Robert Malo appeals from his conviction of murder, 17–A M.R.S.A. § 201(1)(A) (1983 & Supp.1989), for the death of his eighty-two-year-old cousin Ernest Socea of Searsport. Malo's conviction was based on his plea of guilty entered after two days of trial.[1] He contends on appeal that the Superior Court (Waldo County, *Smith, J.*) abused its discretion in denying his motion to withdraw the guilty plea, M.R.Crim.P. 32(d), made three and one-half months after the plea was entered but before the imposition of sentence. We find no abuse of discretion in the trial court's denial of Malo's motion to withdraw his guilty plea and affirm the conviction.

■ A criminal defendant who has entered a plea of guilty may be allowed to withdraw that plea upon a motion made before the imposition of sentence. *State v. Bradstreet,* 521 A.2d 679, 682 (Me.1987); *State v. Grondin,* 284 A.2d 677, 678 (Me. 1971); M.R.Crim.P. 32(d).[2] Though relief

---

**1.** Malo's plea was entered pursuant to a plea agreement in which the State recommended that he be sentenced to serve no more than fifty years' imprisonment with the right to argue for a lesser sentence. Upon his conviction Malo

was sentenced to serve a term of forty-five years. *See* former M.R.Crim.P. 11(e) and present M.R.Crim.P. 11A.

**2.** M.R.Crim.P. 32(d) provides:

should be granted liberally, a criminal defendant does not enjoy an absolute right to withdraw a previously-entered plea. *State v. Boone*, 444 A.2d 438, 441 (Me.1982). The trial court's decision, based upon the "facts and circumstances of each particular case with the ultimate purpose of furthering justice," is reviewed for an abuse of discretion. *Id.; see also Bradstreet*, 521 A.2d at 682. Factors to be considered by the court include the length of time between entering the plea and attempting to withdraw it, *United States v. Daniels*, 821 F.2d 76, 79 (1st Cir.1987), the potential prejudice to the prosecution, *id.; State v. Gilcott*, 420 A.2d 1238, 1239 (Me.1980), the defendant's assertions of innocence, *Grondin*, 284 A.2d at 679, and any deficiency in the proceeding at which the defendant entered the plea in accordance with M.R.Crim.P. 11. *Bradstreet*, 521 A.2d at 682; *Boone*, 444 A.2d at 442.

The grounds raised by Malo in support of the contention that denial of the motion to withdraw his plea constitutes an abuse of discretion are all directed to the adequacy of the Rule 11 proceeding at which Malo entered his guilty plea. He claims that the proceeding conducted pursuant to M.R. Crim.P. 11 was deficient, that the plea was the result of emotional duress and, hence, not voluntary, and finally that his lack of specific recollection of actually committing the act of murder precluded acceptance of the plea. We find these contentions unsupported in the record and in the law.

M.R.Crim.P. 11,[3] "promulgated for the purpose of establishing a procedural method to ensure the carrying-out of ... constitutional and procedural requisites," contemplates that a comprehensive inquiry will be undertaken before a plea of guilty is accepted. *State v. Beal*, 446 A.2d 405, 408 (Me.1982); *see also Boykin v. Alabama*, 395 U.S. 238, 243–44, 89 S.Ct. 1709, 1712–13, 23 L.Ed.2d 274 (1969). A valid plea is made with knowledge of the elements of the crime, the penalty that might be imposed and the constitutional rights relinquished by foregoing trial. M.R.Crim.P. 11(c); D. Cluchey & M. Seitzinger, *Maine Criminal Practice* § 11.3, at 11–21 (1989). Malo, who was represented by counsel at the Rule 11 proceeding, does not dispute that the court explained the elements of

A motion to withdraw a plea of guilty ... may be made only before sentence is imposed or imposition of sentence is suspended.

3. M.R.Crim.P. 11 provides in pertinent part:
(b) ... In all proceedings in which the offense charged is murder or a Class A, Class B, or Class C crime, before accepting a plea of guilty or nolo contendere, the court shall insure:
(1) That the plea is made with knowledge of the matters set forth in subdivision (c); and
(2) That the plea is voluntary within the meaning of subdivision (d); and
(3) That there is a factual basis for the charge, as provided in subdivision (e); and
(4) That an unrepresented defendant has waived the defendant's right to counsel.
(c) **Insuring That the Plea Is Made Knowingly.** Before accepting a plea of guilty or nolo contendere, the court shall address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
(1) The elements of the crime charged, the maximum possible sentence and any mandatory minimum sentence; and
(2) That by pleading guilty or nolo contendere the defendant is relinquishing the right to a trial, at which the defendant would have the following rights:

(A) The right to be considered innocent until proven guilty by the state beyond a reasonable doubt; and
(B) The right to a speedy and public trial by the court or by a jury; and
(C) The right to confront and cross-examine witnesses against the defendant; and
(D) The right to present witnesses on the defendant's behalf and the right to either be or decline to be a witness on the defendant's behalf.
(d) **Insuring That the Plea Is Voluntary.** Before accepting a plea of guilty or nolo contendere, the court shall determine that the plea is the product of the defendant's free choice and not the result of force, threats or promises other than those in connection with a plea agreement.
The court shall make this determination by addressing the defendant personally in open court.
The court shall inquire as to the existence and terms of a plea agreement, as provided in Rule 11A.
(e) **Insuring That There Is a Factual Basis for the Plea.** Before accepting a plea of guilty or nolo contendere, the court shall make such inquiry of the attorney for the state as shall satisfy it that the state has a factual basis for the charge.

the crime and the State's burden of proof in the matter but contends that he pleaded guilty to an offense with a greater degree of culpability than might have been established at trial. Though he alludes to the existence of evidence sufficient to raise a reasonable doubt of that culpability, he presented no such evidence at the hearing on the motion to withdraw and he fails to set forth any facts in support of the contention that he lacked the knowledge required to enter a valid plea. *Cf. Littlefield v. State*, 429 A.2d 1006, 1009 (Me.1981) (burden of proving incompetency that renders plea invalid on petitioner).

██ Malo next argues that the plea was not voluntary because it was made under emotional duress stemming from the effect of trial publicity on his family and, hence, is invalid. The trial justice questioned Malo, as required by Rule 11, to "determine that the plea [wa]s the product of the defendant's free choice...." M.R.Crim.P. 11(d). We reject the contention that the motion justice had a duty to allay Malo's alleged anxieties concerning the impact of the trial upon his family when neither Malo nor his attorney availed themselves of the opportunity at the Rule 11 proceeding to disclose that he entered the plea under such pressure. *Cf. Littlefield*, 429 A.2d at 1008.

██ Finally, Malo contends that the court ought not to have accepted the plea since it was not accompanied by an express admission of guilt. Although such a guilty plea should be accepted with caution and only after thorough inquiry, *see Morgan v. State*, 287 A.2d 592, 603 (Me.1972), and express admission of guilt is not a prerequisite to the acceptance of a valid plea. *See North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970). Moreover, at the Rule 11 hearing Malo merely claimed to have no specific recollection of the act that would enable him to admit responsibility. The record reflects that Malo was "satisfied from the evidence that the State has and from the situation in which he found himself ... that he must have done it based on ... his recollection of what took place directly before [and] after

the incident." He raised affirmatively the fact of his innocence only at the nontestimonial Rule 32(d) hearing on the motion to withdraw.

Given the thoroughness of the Rule 11 proceeding and Malo's failure to establish any fact that would undermine the validity of the plea that he entered, we find no abuse of discretion in the court's denial of the motion to withdraw the plea of guilty entered three and one-half months earlier and after two days of trial. *Boone*, 444 A.2d at 441; *see also Gilcott*, 420 A.2d at 1240 (alleged deficiencies in the Rule 11 proceedings not appearing on the face of the record may have to be dealt with in post-conviction proceedings).

The entry is:

Judgment affirmed.

All concurring.