2000 ME 71

**STATE of Maine**

v.

**Dale HILLMAN.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 29, 2000.
Decided April 20, 2000.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, for State.

Kevin Heffernan, Portland, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Dale Hillman appeals the ruling of the Superior Court (Cumberland County, *Atwood, J.*) denying his motion to withdraw his guilty pleas to charges of unlawful sexual contact (Class C), 17–A M.R.S.A. § 255(1)(C) (Supp.1999) and assault (Class D), 17–A M.R.S.A. § 207 (1983 & Supp. 1999). Following the denial of his motion, Hillman was sentenced on the charges and then filed his appeal from the judgment entered after sentencing. Because the trial court did not exceed the bounds of its discretion, we affirm.

## I. CASE HISTORY

[¶ 2] Dale Hillman was indicted for unlawful sexual contact (Class C), 17–A M.R.S.A. § 255(1)(C) and assault (Class D), 17–A M.R.S.A. § 207 involving a young boy. At arraignment, Hillman pled not guilty. The case was placed on a trial list beginning September 3, 1999. On September 10, 1999, Hillman appeared and entered pleas of guilty to both charges. There is no dispute that the Rule 11 proceeding, at which he entered his pleas, was properly conducted and that Hillman knowingly and intelligently waived his right to trial and entered a guilty plea.[1]

---

1. The transcript of the September 10, 1999 Rule 11 proceeding was not included with the record on this appeal. However, in the circumstances of the appeal, it is not needed.

[¶ 3] The plea was apparently subject to a sentencing agreement, M.R.Crim. P. 11A(a)(4). However, sentencing was continued until September 29, 1999, in order to comply with 17–A M.R.S.A. §§ 1174[2] & 1257[3] and afford the then eight-year-old victim and family members the opportunity to appear at sentencing.

[¶ 4] Because of scheduling problems, the sentencing did not proceed on September 29. On September 29, Hillman filed a motion to withdraw his plea. As grounds for the motion, Hillman asserted that a private investigator's report received on the date of plea, September 10, had caused him to reassess his position and seek to withdraw his plea.

[¶ 5] The matter was rescheduled for October 1, 1999. On that date, all appeared including the young victim, whose presence was acknowledged by the court. The first order of business at the hearing was Hillman's motion to withdraw his plea. After hearing the parties' arguments and sensitively analyzing the issues, including acknowledging the difficulty which such cases present for young victims and the importance of giving them closure, the court denied the motion. The court determined that Hillman was not credibly asserting his innocence but instead had simply changed his view of the odds of prevailing at trial.

[¶ 6] After denying the motion to withdraw plea, the court proceeded to hear the young victim and his mother speak. Following argument of counsel, the court imposed the agreed sentence. Hillman then brought this appeal.

## II. DISCUSSION

[¶ 7] A defendant may seek to withdraw a plea of guilty or of nolo contendere any time before sentence is imposed. *See* M.R.Crim. P. 32(d).[4] Although relief should be granted liberally, a defendant does not have an absolute right to withdraw a plea. *See State v. Comer*, 584 A.2d 638, 640 (Me.1990); *State v. Boone*, 444 A.2d 438, 441 (Me.1982). We review the denial of a motion to withdraw a guilty plea only for an abuse of discretion. *State*

---

The parties agree that the Rule 11 proceeding was appropriately conducted. Further, so that there was no doubt as to the nature of the plea, the court had the court reporter read back the Rule 11 proceedings to confirm that Hillman in fact entered a "guilty" plea. The nature of the plea is further confirmed by the clerk's notes in the file which indicate a plea of "guilty."

2. 17–A M.R.S.A. § 1174 (Supp.1999) states:

§ 1174. **Sentencing procedure**
1. The victim must be provided the opportunity to participate at sentencing by:
A. Making an oral statement in open court; or
B. Submitting a written statement to the court either directly or through the attorney for the State. A written statement must be made part of the record.
2. The court shall consider any statement made under subsection 1, along with all other appropriate factors, in determining the sentence.
3. Unlike victims defined under section 1171, family members not within that definition, close friends of the victim, community members and other interested persons do not have a right to participate at sentencing. Participation by such interested

persons is a matter for the court's discretion in determining what information to consider when sentencing.

3. 17–A M.R.S.A. § 1257 (Supp.1999) states:

§ 1257. **Victim's right to participate in sentence**
1. In any case where a defendant has been convicted of a crime either upon the defendant's plea or after trial, the attorney for the State has the right to be heard at the time of sentence. The attorney for the State may recommend a specific sentence or other disposition. The court shall consider any statements made by the attorney for the State, along with all other appropriate factors, in determining the sentence.
2. A victim has the right to participate in the sentencing process pursuant to section 1174 and to receive notification of a defendant's release pursuant to section 1175.

4. M.R.Crim. P. 32(d) states:

(d) **Withdrawal of Plea of Guilty.** A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed.

*v. Comer*, 584 A.2d at 640; *State v. Malo*, 577 A.2d 332, 333 (Me.1990).

■ [¶ 8] Trial courts evaluate four factors when deciding motions to withdraw pleas, and we similarly evaluate those factors when reviewing the trial court's exercise of its discretion. The four factors are:

— The length of time between entering the plea and seeking to withdraw it;

— The potential prejudice to the State;

— The defendant's assertions of innocence; and

— Any deficiency in the proceeding at which the defendant entered the plea in accordance with M.R.Crim. P. 11.

*Comer*, 584 A.2d at 640; *Malo*, 577 A.2d at 333.

[¶ 9] The parties agree there was no deficiency in the Rule 11 proceedings. Only 19 days elapsed between the time when Hillman entered his plea and sought to withdraw it. Consequently, the parties also agree that the timing of Hillman's motion works in his favor. However, the trial court could have reasonably evaluated the credibility of Hillman's assertions of innocence and stated reasons for seeking to withdraw his plea by considering that a plea entered when trial was imminent was sought to be withdrawn as soon as the immediate pressure for trial had passed.

■ [¶ 10] At the motion hearing, the State asserted that it would be prejudiced by the plea withdrawal, citing the potential impact upon the young victim and his family of reopening difficult events in their lives that they thought had been closed. The trial court's comments also indicated appropriate sensitivity to this concern. However, both the court and the State indicated that such an impact on the victim, while difficult, would not in this instance have seriously compromised the State's case by affecting the ability of the State to present its evidence.[5]

■ [¶ 11] Accordingly, both the court and the parties focused on the credibility of Hillman's assertion of innocence as the primary consideration in the plea withdrawal hearing. The court recognized that when Hillman had originally appeared, he had entered a guilty plea. The court further determined that Hillman's change of mind was not motivated by any differing view of his innocence but, rather, was a later tactical decision that he might have a better chance at prevailing at trial than he had originally believed. The court noted that Hillman's change of position was different from other cases in which a defendant had consistently asserted innocence or had pled nolo contendere rather than guilty. Accordingly, the court discounted the credibility of Hillman's assertion of innocence when evaluating his motion to withdraw.

■ [¶ 12] Although it is true that the complete absence of a protestation of innocence in support of a motion to withdraw weighs against a defendant, *see, e.g., State v. Grondin*, 284 A.2d 677, 678 (Me.1971), the mere presence of such an assertion does not necessarily entitle a defendant to withdraw his plea of guilty, *see State v. Pokorny*, 458 A.2d 1212, 1217 (Me.1983). In *Pokorny*, we observed in response to a defendant's assertion that his initial plea of nolo contendere was not intelligently and voluntarily entered:

> Although defendant did continually assert that he was innocent of the charge against him, such an assertion is "not conclusive" even when the defendant has entered a plea of guilty. Where, as here, defendant pleaded nolo contendere and thus did not explicitly admit his guilt, and where he did concede that he believed the State could convict him if the case went to trial, the fact that the defendant consistently insisted on his

5. In the exercise of discretion, trial courts may consider the issue of finality and closure, as well as the impact of a plea withdrawal on vulnerable victims, when determining whether there would be prejudice to the State resulting from withdrawal of a previously entered plea.

legal innocence does not require that he be permitted to withdraw his nolo plea and go to trial.

*Id.* Similarly, federal courts have noted, "[w]ere mere assertion of legal innocence always a sufficient condition for withdrawal, withdrawal would effectively be an automatic right." *Nunez Cordero v. United States,* 533 F.2d 723, 726 (1st Cir.1976) (citation and internal quotation marks omitted). Another court has observed:

> Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim.

*United States v. Barker,* 514 F.2d 208, 221 (D.C.Cir.1975), *quoted in* Fed.R.Crim.P. 32 advisory committee's note to 1983 amend.

[¶ 13] In the circumstances, the trial court did not exceed the bounds of its discretion by discounting the credibility of Hillman's recent assertion of innocence and denying his motion to withdraw his plea, proceeding to sentence and giving the young victim closure in the case.

The entry is:

Judgment affirmed.