STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-01-143
JRA - KEN - 3/7/2003

STATE OF MAINE

v.

DWIGHT PETTEGROVE,

Defendant

DECISION AND ORDER

DONALD L. GARBRECHT
LAW LIBRARY

MAR 31 2003

This matter is before the court on the defendant's motion to withdraw his nolo contendere pleas to counts 1 through 4 of the indictment in this case which charge him with felony sex offenses. The State objects to the motion and asks that it be denied.

The defendant was charged by indictment in this case on June 6, 2001. Trial was scheduled for May 13, 2002, and a jury was selected on that date. On May 15, however, the defendant changed his pleas from not guilty to nolo contendere to each of the seven counts in the indictment. A Rule 11 hearing was conducted, the pleas accepted, and the case was continued for sentencing while a pre-sentence investigation was performed.

On August 19, 2002, the defendant's attorney filed a motion to withdraw plea and a motion to withdraw plea and a motion for leave to withdraw as counsel. The latter has been granted, but the former has been pending since its filing date.

According to our case law, "[a]lthough relief [under M.R. Crim. P. 32(d)] should be granted liberally, a defendant does not have an absolute right to withdraw a plea." *State v. Hillman*, 2000 ME 71, ¶ 7, 749 A.2d 758, 760. According to *Hillman*, there are four factors which a court must consider when acting on a motion to withdraw. *Id.* ¶ 8. Accordingly, the court will assess each factor as it applies to the facts of this case in its consideration of the motion.

The first factor is the length of time between entering and seeking to withdraw "[the plea]." *Id.* To the court's understanding, the longer a defendant waits to withdraw his plea, the more this factor is to be weighed against granting the motion. This is because the passage of time can prejudice the prosecution's case, result in the disruption of the court's efforts to conduct business in an orderly fashion, and delay justice. Here the defendant waited approximately three months to seek withdrawal of his pleas – a considerable delay in his decision-making which is unsupported by any reasonable explanation. In the court's view, this factor must be counted against his effort to withdraw his pleas.

The second factor is the potential prejudice to the State by a defendant's proposed withdrawal of his plea. Obviously, the reinstatement of a not guilty plea and the restoration of a case to the trial list is going to result in prejudice to the State in nearly every instance. This is because the prosecution must devote time and resources to a case which it had previously "saved." Moreover, the passage of time in a case rarely works to the prosecution's advantage as witnesses disappear or their memories fade. In this instance, nearly 10 months have gone by since the defendant entered his "nolo" pleas and it can be expected that the quality of the State's case must have been compromised to some extent. In this regard, the alleged victim, who once would have believed that her ordeal was over, must now anticipate testifying at trial – often a difficult experience for a young person. On the other hand, she is not a child as was the victim in *Hillman,* so it may be hoped she will be able to cope with this development, particularly because she is currently being counseled. Moreover, the State advises the court that it can proceed to trial and has no information, other than reasonable notions of common sense and extensive experience, that trial would be detrimental to the alleged victim.

2

In sum, while passage of time could not have assisted the State's cause, and its principal witness will undoubtedly experience some anxiety and discomfort by having to participate in a trial she believed she would avoid, the State is not prejudiced by allowing the defendant to withdraw his pleas and proceed to trial.

The third factor is the defendant's assertions of innocence. As the transcript of the Rule 11 hearing amply illustrates, the defendant claimed at each instance when the topic was raised that he did not commit the sexual offenses with which he was charged. In addition, at the hearing on the pending motion, his attorney recited evidence he claims to possess which will assist him in obtaining an acquittal on these charges which had not been obtained by his predecessor. From this, for purposes of this motion only, the court cannot discount the defendant's claims of innocence and his wish to challenge the State's case. Accordingly, this case is distinguishable from *Hillman, id.,* in which the court found that the claim of innocence and request for a trial was ingenuine.

The final factor is the deficiencies in the Rule 11 hearing. None have been cited by either party, so the court assumes that both parties agree that the hearing was conducted properly. Thus, it must also be concluded that the defendant's pleas were knowingly and intelligently entered with a full understanding of the consequences of his actions. *See, e.g.,* T. pp. 22, 29-30, 43. In sum, the defendant's pleas were not entered impulsively or without all the information necessary to make such an important decision.

On the other hand, the transcript of the hearing not only shows that the defendant stated he was innocent, it showed that he had difficulty in making this decision. Whether this was due to his limited education, his emotional state at the time, or his history of mental difficulties, would be subject to speculation. But a reading of the transcript reveals the tentative, reluctant nature of the defendant's decision and his

3

defeatist resignation to be found guilty of crimes he said he did not commit. *See, e.g.,* T., pp, 4, 6, 16, 18, and 21. Accordingly, while the court must find that the Rule 11 was not defective, there is some basis to believe that the defendant's decision-making skills might have been compromised that day, although not to the extent that his pleas now, or then, should have been rejected, but only that insofar as the proceedings support his claim that he is innocent and that he should not, in hindsight, have pled nolo contendere.

In sum, taking all these factors together, the court believes it must permit the defendant to withdraw his pleas of nolo contendere as it finds only factor one must be weighed heavily against his motion and the other three are either neutral or support favorable action on his motion. In doing so, the court acknowledges the inconvenience and expense to the State and the anxiety and discomfort this may cause the alleged victim. However, as noted, a motion to withdraw a plea is to be acted upon with liberality, and the defendant has much at stake here – the waiver of his constitutional rights, his liberty, and the consequences of a judgment in a case involving these types of sex offenses which will require his permanent registration as a sex offender.

For all these reasons, the entry will be:

> Defendant's motion is GRANTED. The defendant's pleas of nolo contendere to counts 1-4 are WITHDRAWN, his pleas of not guilty to the counts are restored, and the case is to be placed on the current trail list.

So ordered.

Dated: March 7, 2003

John R. Atwood
Justice, Superior Court

4

STATE OF MAINE
  vs .
DWIGHT E PETTEGROVE
4 CAMPBELL STREET
AUGUSTA ME 04330

SUPERIOR COURT
KENNEBEC, ss.
Docket No AUGSC-CR-2001-00143

## DOCKET RECORD

DOB: 11/01/1962
Attorney: JED DAVIS
       JIM MITCHELL & JED DAVIS
       86 WINTHROP STREET
       AUGUSTA ME 04330
       RETAINED 10/30/2002

State's Attorney: DAVID CROOK

Filing Document: INDICTMENT
Filing Date: 06/07/2001

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1  GROSS SEXUAL ASSAULT                07/07/1999 AUGUSTA
  17-A   253(1)(B)       Class A

2  UNLAWFUL SEXUAL CONTACT         07/07/1999 AUGUSTA
  17-A   255(1)(C)       Class C

3  GROSS SEXUAL ASSAULT                07/07/1999 AUGUSTA
  17-A   253(1)(B)       Class A

4  UNLAWFUL SEXUAL CONTACT         07/07/2000 AUGUSTA
  17-A   255(1)(C)       Class C

5  VISUAL SEXUAL AGGRESSION AGAINST A CHILD   04/01/2001 AUGUSTA
  17-A   256(1)          Class D

6  TAMPERING WITH A VICTIM         05/06/2001 WINDSOR
  17-A   454(1)(A)(1)    Class B

7  VIOLATING PROTECTIVE ORDER     05/06/2001 WINDSOR
  19-A   4011(1)(B)     Class D

## Docket Events:

06/08/2001 FILING DOCUMENT -  INDICTMENT FILED ON 06/07/2001

      TRANSFER -  BAIL AND PLEADING GRANTED ON 06/07/2001

      TRANSFER -  BAIL AND PLEADING REQUESTED ON 06/07/2001

06/08/2001 BAIL BOND - $100,000.00 SURETY BAIL BOND SET BY COURT ON 06/07/2001

                Printed on: 03/07/2003

$100,000.00 SURETY OR $20,000.00 CASH.

NO CONTACT WITH JESSICA OR

JENNA HAMLIN OR THEIR FAMILY.

06/08/2001 WARRANT -  ON COMP/INDICTMENT REQUESTED ON 06/07/2001


06/08/2001 WARRANT -  ON COMP/INDICTMENT ORDERED ON 06/07/2001
          DONALD H MARDEN , JUSTICE
06/08/2001 WARRANT - $100,000.00 ON COMP/INDICTMENT ISSUED ON 06/08/2001


          CERTIFIED COPY TO WARRANT REPOSITORY

                                        OR $20,000.00 CASH.
                            NO CONTACT WITH JENNA OR JESSICA HAMLIN OR

          FAMILY.
06/08/2001 Charge(s):  1,2,3,4,5,6,7
          HEARING -  ARRAIGNMENT SCHEDULED FOR 06/13/2001 @ 8:15


06/12/2001 Charge(s):  1,2,3,4,5,6,7
          TRANSFER -  TRANSFER FOR JURY TRIAL REQUESTED ON 06/07/2001


06/12/2001 Charge(s):  1,2,3,4,5,6,7
          TRANSFER -  TRANSFER FOR JURY TRIAL GRANTED ON 06/08/2001
          DONALD H MARDEN , JUSTICE
06/13/2001 BAIL BOND - $25,000.00 SURETY BAIL BOND FILED ON 06/13/2001


          Bail Amt:  $25,000          Surety Type: REAL ESTATE          Surety Value:  $0
          County: KENNEBEC            County Book ID: 6511 Book Page: 313
          Date Bailed: 06/13/2001     Prvdr Name: JUANITA  MULHERIN
          Lien Issued: 06/13/2001     Rtrn Name:
          Lien Discharged:

## Conditions of Bail:
06/13/2001 BAIL BOND - $5,000.00 CASH BAIL BOND SET BY COURT ON 06/13/2001

06/13/2001 BAIL BOND - $5,000.00 CASH BAIL BOND FILED ON 06/13/2001


          Bail Receipt Type: CR
          Bail Amt:  $5,000
                                   Receipt Type: CA
          Date Bailed: 06/13/2001  Prvdr Name: JUANITA  MULHERIN
                                   Rtrn Name: JUANITA  MULHERIN


## Conditions of Bail:
          Have no contact with...

          1   JENNA  HAMLIN
          2   JESSICA  HAMIN OR THEIR FAMILIES
06/15/2001 WARRANT -  ON COMP/INDICTMENT EXECUTED ON 06/11/2001


06/15/2001 WARRANT -  ON COMP/INDICTMENT RETURNED ON 06/11/2001


06/18/2001 Charge(s):  1,2,3,4,5,6,7

Printed on: 03/07/2003

HEARING - ARRAIGNMENT HELD ON 06/13/2001 @ 8:15

READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT. 21 DAYS TO FILE MOTIONS
06/18/2001 Charge(s): 1,2,3,4,5,6,7
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 06/13/2001
DONALD H MARDEN , JUSTICE
Attorney: STEPHEN BOURGET
DA: ALAN KELLEY          Reporter: PHILIP GALUCKI
Defendant Present in Court
12/07/2001 TRIAL - JURY TRIAL SCHEDULED FOR 01/09/2002

NOTICE TO PARTIES/COUNSEL
                                        THROUGH FEBRUARY 28, 2002
03/27/2002 TRIAL - JURY TRIAL SCHEDULED FOR 04/03/2002

NOTICE TO PARTIES/COUNSEL
                                  TO MAY 17, 2002
05/16/2002 TRIAL - JURY TRIAL NOT HELD ON 05/15/2002

DEFENDANT ENTERED A PLEA.                          JURY SELECTION
HELD ON 5/13/2002
05/16/2002 MOTION - MOTION TO CONTINUE MADE ORALLY BY DEF ON 05/15/2002

05/16/2002 MOTION - MOTION TO CONTINUE MOOT ON 05/15/2002

DEFENDANT PLED.
05/16/2002 HEARING - RULE 11 HEARING SCHEDULED FOR 05/15/2002 @ 1:00

NOTICE TO PARTIES/COUNSEL
05/16/2002 HEARING - RULE 11 HEARING HELD ON 05/15/2002
JOHN R ATWOOD , JUSTICE
Attorney: STEPHEN BOURGET
DA: ALAN KELLEY          Reporter: JANETTE COOK
Defendant Present in Court

READING WAIVED
05/16/2002 Charge(s): 1,2,3,4,5,6,7
PLEA - NOLO ENTERED BY DEFENDANT ON 05/15/2002

05/16/2002 Charge(s): 1,2,3,4,5,6,7
PLEA - NOLO ACCEPTED BY COURT ON 05/15/2002

05/16/2002 Charge(s): 1,2,3,4,5,6,7
FINDING - GUILTY ENTERED BY COURT ON 05/15/2002
JOHN R ATWOOD , JUSTICE
05/16/2002 Charge(s): 1,2,3,4,5,6,7
FINDING - GUILTY CONT FOR SENTENCING ON 05/15/2002

SENTENCING IS TO BE SCHEDULED IN APPROXIMATELY 6 WEEKS.
05/16/2002 PSI - BY PROBATION OFFICER ORDERED ON 05/15/2002
JOHN R ATWOOD , JUSTICE
05/16/2002 OTHER FILING - FORENSIC REPORT ORDERED ON 05/15/2002

Printed on: 03/07/2003

JOHN R ATWOOD , JUSTICE
EXAMINATION SCHEDULED FOR JUNE 6 AT 9:00 A. M. AT 23 STONE ST. AUGUSTA, ME WITH DR. BRIAN RINES.

05/16/2002 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 05/15/2002

05/16/2002 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 05/15/2002

COPY TO PARTIES/COUNSEL

DEFENDANT IS TO MAINTAIN
CONTACT WITH HIS ATTORNEY.                    SAME BAIL TO CONTINUE PENDING
SENTENCING.

07/25/2002 TRIAL - JURY TRIAL NOT REACHED ON 01/09/2002

07/29/2002 OTHER FILING - FORENSIC REPORT FILED ON 07/29/2002

COPIES TO PARTIES/COUNSEL,DEFENDANT WAS EVALUATED BY BRIAN RINES, PHD.

08/22/2002 Charge(s): 1,2,3,4,5,6,7
MOTION - MOTION TO WITHDRAW PLEA FILED BY DEFENDANT ON 08/19/2002

Attorney: STEPHEN BOURGET

08/22/2002 MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 08/19/2002

Attorney: STEPHEN BOURGET

09/03/2002 MOTION - MOTION TO CONTINUE FILED BY STATE ON 09/03/2002

FILED BY STATE, STATE'S ATTORNEY, ALAN KELLEY, IS UNAVAILABLE AS HE WILL BE OUT OF STATE ON VACATION.

09/13/2002 OTHER FILING - COUNSEL VOUCHER FILED ON 09/11/2002

FILED BY STEPHEN BOURGET, TOTAL HOURS 20.2

09/13/2002 OTHER FILING - COUNSEL VOUCHER APPROVED ON 09/11/2002
DONALD H MARDEN , JUSTICE

10/09/2002 ORDER - TRANSCRIPT ORDER ENTERED ON 10/09/2002

FILED BY JED DAVIS, WHO IS REQUESTING A COPY OF THE TRANSCRIPT FOR THE PLEA HEARING, COPY OF TRANSCRIPT ORDER SENT TO JANET COOK.

10/28/2002 OTHER FILING - TRANSCRIPT FILED ON 10/28/2002

DA: ALAN KELLEY
REQUEST FOR PLEA HEARING OF 5/15/02. COPY MAILED TO JANET COOK THIS DATE.

11/06/2002 OTHER FILING - TRANSCRIPT FILED ON 11/06/2002

02/21/2003 HEARING - MOTION TO WITHDRAW PLEA SCHEDULED FOR 03/06/2003 @ 1:00

02/21/2003 HEARING - MOTION TO WITHDRAW PLEA NOTICE SENT ON 02/21/2003

03/07/2003 HEARING - MOTION TO WITHDRAW PLEA HELD ON 03/06/2003
JOHN R ATWOOD , JUSTICE
Attorney: JED DAVIS
DA: ALAN KELLEY          Reporter: PHILIP GALUCKI
Defendant Present in Court

03/07/2003 Charge(s): 1,2,3,4,5,6,7
MOTION - MOTION TO WITHDRAW PLEA GRANTED ON 03/07/2003

JOHN R ATWOOD , JUSTICE
COPIES TO BOTH PARTIES
03/07/2003 MOTION -  MOTION TO CONTINUE GRANTED ON 09/03/2002
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL
03/07/2003 MOTION -  MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 09/03/2002
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL, SUBSTITUTE COUNSEL TO ENTER APPEARANCE WITHIN 10 DAYS.

A TRUE COPY
ATTEST:  _____
                        Clerk