2003 ME 85

**STATE of Maine**

v.

**Trevis CALDWELL.**

Supreme Judicial Court of Maine.

Submitted on briefs: May 29, 2003.
Decided: July 3, 2003.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, for State.

Robert C. Andrews, Esq., Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

SAUFLEY, C.J.

[¶ 1] Trevis Caldwell appeals from the judgment entered in the Superior Court (Cumberland County, *Crowley, J.*) after the court denied his motion to withdraw a plea of guilty to two counts of forgery, 17–A M.R.S.A. § 703 (1983 & Supp.2002); receiving stolen property, 17–A M.R.S.A. § 359 (1983); theft by deception, 17–A M.R.S.A. § 354 (1983 & Supp.2002); theft, 17–A M.R.S.A. § 353 (1983); and eluding an officer, 29–A M.R.S.A. § 2414(3) (1996). Caldwell was a participant in the Adult Drug Treatment Court who, after failing to comply with the program's strictures, sought to withdraw the plea agreement that allowed him to enter the program. We affirm the judgment.

[¶ 2] The relevant facts are as follows. The first crime for which Caldwell was convicted that is relevant to this case was the June 3, 2000, burglary of a motor vehicle, 17–A M.R.S.A. § 405 (Supp.2002). The Superior Court (Oxford County, *Dela-hanty, J.*) sentenced Caldwell to one year, all suspended, with one year of probation. On August 9, 2001, Caldwell's probation officer moved to have his probation revoked alleging Caldwell's failure to report to probation and failure to pay restitution.

[¶ 3] Shortly thereafter, Caldwell was arrested on the motion for revocation of probation and multiple other new crimes including eluding an officer, theft, two counts of forgery, receiving stolen property, and theft by deception. Counsel was appointed to represent him, and Caldwell became a candidate for the Adult Drug Treatment Court. Caldwell appeared before the drug court justice (Cumberland County, *Cole, J.*) on April 5, pled guilty to all of the pending crimes, and admitted to the facts alleged in the motion to revoke his probation.

[¶ 4] During the hearing, the court asked Caldwell questions to determine if he understood each charge and the nature of the pleas and waivers he was making. The court then explained the two sentencing options that could be imposed once Caldwell entered the drug court program. If Caldwell successfully completed drug court, he would be sentenced to five months in prison, which he had already served. If he did not complete drug court, he would be sentenced to substantially more jail time.[1] Caldwell signed a form acknowledging his waiver of rights to trial, to appeal from the entry of sentence, and to withdraw his guilty plea. The form was also signed by Caldwell's attorney, the prosecutor, and the judge.

---

1. The court told Caldwell that he would be ordered to serve consecutive sentences of four months for the case that involved two counts of forgery, receiving stolen property, and theft by deception, six months for eluding an officer, and thirty months with all but six months suspended, three years probation, and the requirement to pay restitution of up to $3,525.50 for the theft case if he failed to complete the program. Regarding the violation of probation, Caldwell was also sentenced at the April 5 drug court plea hearing to five months, time served, and probation continued.

[¶ 5] The record reflects that the court was assured that Caldwell understood the length of the sentence he would receive if he failed to complete the program. As designed with Caldwell's agreement, he would not return to jail if he was successful in his efforts to gain sobriety and complete the program. If he failed, he would face more than a year in jail. The court also sought to assure that Caldwell was acting voluntarily and that he understood what he was doing. The court accepted Caldwell's guilty plea, admitted him into the drug court, and released Caldwell on an extensive post-judgment bail contract setting out the specifics of fulfilling the program's requirements.

[¶ 6] Caldwell almost immediately failed to comply with the requirements of the drug court program. He committed numerous violations of his bail contract, including failing to appear for the weekly drug court sessions, and it was alleged that he robbed a bank, for which he was indicted in federal court. After he was arrested in New Hampshire and returned to Maine, he filed a motion to withdraw his guilty pleas. Following the hearing on his motion, the court (*Crowley, J.*) denied the motion. The State then moved to have Caldwell terminated from the Adult Drug Treatment Court for the violations of the contract. This motion was granted, and Caldwell was sentenced to twenty-two months in prison, three years of probation, and to pay $3,525.50 in restitution.[2] Caldwell now appeals the court's denial of his motion to withdraw his guilty pleas.

## I. DISCUSSION

■ [¶ 7] Caldwell argues that the court abused its discretion when it denied his motion to withdraw his pleas, and that the court failed to correctly apply the factors set out in *State v. Hillman,* 2000 ME 71, ¶ 8, 749 A.2d 758, 761.[3] The State responds that Caldwell waived his right to withdraw his guilty plea. The record reflects that in the drug court bail contract, Caldwell explicitly waived his right to "withdraw [his] plea of guilty." Because Caldwell waived his right to withdraw his plea in order to be admitted into the drug court program, we review the record to determine whether Caldwell's waiver was knowing and intelligent, and we do not reach the *Hillman* factors.

■ [¶ 8] Contrary to Caldwell's arguments, the voluntary waiver of constitutional rights is both permitted and enforceable. *See State v. Pfeil,* 1998 ME 245, ¶ 7, 720 A.2d 573, 576 (upholding waiver of right to withdraw guilty plea). A defendant may waive his right to a later withdrawal of a guilty plea, so long as the waiver is knowing and intelligent. *See id.* ¶ 8, 720 A.2d at 576–77.

[¶ 9] In the context of the drug court process, the waiver of the right to withdraw a guilty plea is pivotal to the design of the program. Moreover, in order to allow a defendant the opportunity to demonstrate success in the program, sentencing is by necessity undertaken at a date distant from the entry of the plea agreement. Maine's Adult Drug Treatment Court program depends in great part on the motivation of the defendant to avoid

---

2. The sentence imposed was consistent with the alternate sentence set out at the time of the plea agreement, and included an additional six months resulting from the additional violation of probation.

3. There are four factors discussed in *Hillman:* (1) "The length of time between entering the plea and seeking to withdraw it"; (2) "The potential prejudice to the State"; (3) "The defendant's assertions of innocence"; and (4) "Any deficiency in the proceeding at which the defendant entered the plea in accordance with M.R.Crim. P. 11." 2000 ME 71, ¶ 8, 749 A.2d at 761.

extensive jail or prison sentences. The program would lose its efficacy entirely if defendants were allowed to withdraw their plea when failure is imminent.

[¶ 10] The design of the program does not, however, alter the defendant's rights. Any waiver of rights must be undertaken in a knowing and intelligent manner, and must be entered into voluntarily. In the context of a program of the drug court's design, it is particularly important, both as a matter of attention to constitutional rights and program design, that the defendant understand the rights he is relinquishing and be clear as to what will happen if he does not successfully complete the program.[4]

[¶ 11] The question then is whether Caldwell's waivers were entered into knowingly and intelligently. Caldwell had the assistance of counsel; he sought the benefits of the drug court program; he was fully informed of the sentences that would be imposed should he fail; he signed the documents waiving his rights; and he did not assert before the motion court, and does not assert here, that his waivers were not knowing and intelligent. Accordingly, the motion court did not err in denying Caldwell's motion to withdraw his plea.[5]

The entry is:

Judgment affirmed.

---

4. If drug court waivers were not strictly enforced once the motion court has been assured that the waiver was entered into knowingly and intelligently, the entire process of the drug court would be eviscerated, thereby eliminating a promising program and removing the opportunity for some of Maine's most troubled citizens to find help.

5. We also reject Caldwell's argument that the original Rule 11 proceeding at which Caldwell entered his plea agreement was fatally defective as a result of the court's failure to require an in-court recitation of the facts supporting every charge in detail. "We have never required strict compliance with M.R.Crim. P. 11 in order to uphold a guilty plea." *State v. Andrews*, 624 A.2d 1235, 1236 (Me.1993) (footnote omitted). We decline to do so here.