2001 ME 113

**STATE of Maine**

v.

**Donald LAMBERT.**

Supreme Judicial Court of Maine.

Submitted on Briefs: June 25, 2001.
Decided: July 19, 2001.

R. Christopher Almy, District Attorney, C. Daniel Wood, Asst. Dist. Atty., Bangor, ME, for State.

Joseph M. Pickering, Largay Law Offices, P.A., Bangor, ME, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] Donald Lambert appeals from the judgment of the Superior Court (Penobscot County, *Mead, C.J.*) denying his motion to withdraw his nolo contendere plea to the charge of arson (Class A), 17–A M.R.S.A. § 802 (1983 & Supp.2000),[1] and his guilty plea to the charge of burglary (Class C), 17–A M.R.S.A. § 401 (1983).[2] Lambert contends that the Superior Court abused its discretion; we disagree and affirm.

## BACKGROUND

[¶ 2] Lambert was indicted on four counts, including arson (Class A), 17–A M.R.S.A. § 802 and burglary (Class C), 17–A M.R.S.A. § 401. At the Rule 11[3] proceeding on June 13, 2000, Lambert pleaded nolo contendere to the arson charge, which the State indicated was based on accomplice liability,[4] and guilty to the burglary charge. The pleas were entered pursuant to an agreement in which the State agreed to dismiss the remaining counts and to request a stay of sentencing until September. Lambert acknowledged "his involvement and participation in the underlying burglary ... of merchandise, but certainly dispute[d] ... any direct participation in the fire that was set...." The court accepted the pleas, finding that there was "a sufficient basis upon which a fact finder could find the defendant guilty beyond a reasonable doubt," and stayed the sentencing until September.

[¶ 3] On September 15, 2000, Lambert moved to withdraw his pleas on the basis

---

1. 17–A M.R.S.A. § 802 states in pertinent part:

    1. A person is guilty of arson if he starts, causes, or maintains a fire or explosion;
        A. On the property of another with the intent to damage or destroy property thereon; or
        B. On his own property or the property of another
            (1) with the intent to enable any person to collect insurance proceeds for the loss caused by the fire or explosion; or
            (2) which recklessly endangers any person or the property of another.

2. "A person is guilty of burglary if he enters or surreptitiously remains in a structure, knowing that he is not licensed or privileged to do so, with the intent to commit a crime therein." 17–A M.R.S.A. § 401.

3. Rule 11 is entitled: "PLEAS; ACCEPTANCE OF A PLEA TO A CHARGE OF A CLASS C OR HIGHER CRIME." M.R.Crim.P. 11.

4. Title 17–A, section 57 defines accomplice liability:

    1. A person may be guilty of a crime if it is committed by the conduct of another person for which he is legally accountable as provided in this section.
    2. A person is legally accountable for the conduct of another person when:
        . . . .
        C. He is an accomplice of such other person in the commission of the crime, as provided in subsection 3.
    3. A person is an accomplice of another person in the commission of a crime if:
        A. With the intent of promoting or facilitating the commission of the crime, he solicits such other person to commit the crime, or aids or agrees to aid or attempts to aid such other person in planning or committing the crime. A person is an accomplice under this subsection to any crime the commission of which was a reasonably foreseeable consequence of his conduct ...
        . . . .
    17–A M.R.S.A. § 57 (1983).

that he had "no direct involvement in and disputes the State's accomplice liability theory" on the arson charge. At the hearing on the motion to withdraw, the State contended that: a substantial amount of time had passed between Lambert's pleas and his motion to withdraw, it would be prejudiced by the withdrawal of the pleas because the victims and a key witness were living out of state and it would be a hardship on the victims and difficult for the State to force the victims and the key witness back to Maine for a trial, and Lambert's desire to withdraw his pleas was a tactical decision. After evaluating three of the four factors articulated in *State v. Hillman*, 2000 ME 71, ¶ 8, 749 A.2d 758, 761, the court denied the motion. Pursuant to the plea agreement, the remaining two counts were dismissed, and Lambert was sentenced.[5] This appeal followed.

## DISCUSSION

■ [¶ 4] "A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed." M.R.Crim.P. 32(d). "Although relief should be granted liberally, a defendant does not have an absolute right to withdraw a plea." *Hillman*, ¶ 7, 749 A.2d at 760.

■ [¶ 5] The denial of a motion to withdraw a plea is reviewed for an abuse of discretion. *Id.* We evaluate four factors when reviewing the trial court's exercise of its discretion in denying a motion to withdraw: (1) "The length of time between entering the plea and seeking to withdraw it"; (2) "The potential prejudice to the State"; (3) "The defendant's assertions of innocence"; and (4) "Any deficiency in the proceeding at which the defendant entered

the plea in accordance with M.R.Crim.P. 11." *Id.* ¶ 8, 749 A.2d at 761.

■ [¶ 6] The pleas were entered on June 13, 2000, and Lambert moved to withdraw the pleas on September 15, 2000, the day set for his sentencing hearing. Thus, three months had elapsed between entering the plea and seeking to withdraw it. *See United States v. Daniels*, 821 F.2d 76, 79 (1st Cir.1987) (indicating that waiting ten weeks between entering a plea and withdrawing it was a lengthy period of time); *United States v. Barker*, 514 F.2d 208, 222 (D.C.Cir.1975) ("A swift change of heart is itself strong indication that the plea was entered in haste and confusion . . . .").

■■ At the motion hearing, the State argued and the court determined that there was potential prejudice to the State because the central witnesses to the State's case had moved out of state and "that carries with it the attendant uncertainty and almost presumed difficulty in getting them back here."

[¶ 8] The court primarily focused on the third factor, the credibility of Lambert's assertion of innocence. Lambert contends that although he acknowledged his involvement in the underlying burglary, he "consistently denied any involvement with setting a fire and denied the arson charge." In contrast to the Rule 11 hearing, in which he acknowledged that "the State [had] sufficient evidence, which if believed, could form the basis of a conviction," Lambert now claims that "a jury would likely acquit."

■ [¶ 9] The mere presence of the assertion of innocence "does not necessarily entitle a defendant to withdraw his plea

---

5. Lambert was ordered to pay the sum of $20,000 to the victims. For the arson charge, Lambert was sentenced to twelve years of imprisonment, with all but five years suspended and a probation term of four years. For the burglary charge, Lambert was sentenced to one year of imprisonment to run concurrently with the arson sentence.

of guilty." *Hillman,* ¶ 12, 749 A.2d at 761. Similarly, when a defendant pleads nolo contendere "and thus did not explicitly admit his guilt, and where he did concede that he believed the State could convict him if the case went to trial, the fact that defendant consistently insisted on his legal innocence does not require that he be permitted to withdraw his *nolo* plea and go to trial." *State v. Pokorny,* 458 A.2d 1212, 1217 (Me.1983). Moreover, "were mere assertion of legal innocence always a sufficient condition for withdrawal, withdrawal would effectively be an automatic right." *Hillman,* ¶ 12, 749 A.2d at 762 (quoting *Nunez Cordero v. United States,* 533 F.2d 723, 726 (1st Cir.1976)).

[¶ 10] Although the court recognized that Lambert withdrew his pleas because he did not start the fire, the court noted that Lambert was not asserting innocence of the underlying crime or the fact that the fire did not occur in conjunction with the burglary. The court acknowledged that "liability for a crime can attach if there's accomplice liability"; therefore, the court did not abuse its discretion in discounting the force of Lambert's assertion of innocence.

[¶ 11] The court did not address the fourth factor concerning deficiencies in the Rule 11 proceeding because it was not aware of any. Lambert contends, for the first time on appeal, that the court erred at the Rule 11 hearing by failing to inform him of the difference between a nolo contendere plea and a guilty plea.

[¶ 12] Rule 11 hearings establish "a procedure to ensure that constitutional and procedural prerequisites are met before a guilty plea is accepted." *State v. Comer,* 584 A.2d 638, 640 (Me.1990). "A plea is valid if it is made voluntarily with knowledge of the elements of the crime, the penalty that might be imposed and the constitutional rights relinquished by foregoing trial." *Id.;* M.R.Crim.P. 11.

[¶ 13] Lambert was present at the Rule 11 proceeding and personally told the court that he understood the rights he was giving up, including the right to a trial without unreasonable delay, during which he would have the assistance of an attorney, the State would have the burden to prove his guilt beyond a reasonable doubt, and he would have the right to appeal the verdict. He indicated that he had not been threatened by anyone and was not promised anything in exchange for the pleas, that he was making the pleas of his own free will, and that he was satisfied with his attorney's advice. Lambert's attorney told the court that he was satisfied that the pleas were in Lambert's best interest and that his client acknowledged that the State had sufficient evidence to convict him. Moreover, at the motion hearing, Lambert's attorney further indicated that his client had entered a nolo plea with the understanding that a fact finder could choose to accept the State's accomplice liability theory. Thus, there were no deficiencies to undermine the validity of Lambert's pleas. *See* M.R.Crim.P. 11; *State v. Malo,* 577 A.2d 332, 334 (Me.1990).

[¶ 14] Considering the three month delay between the entry of the pleas and the motion to withdraw, the potential prejudice to the State, the lack of force in Lambert's assertion of innocence, and the sufficiency of the Rule 11 proceeding, the court did not exceed the bounds of its discretion in denying Lambert's motion.

The entry is:

Judgment affirmed.