2003 ME 55

**STATE of Maine**

v.

**Richard J. WILLIS.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 23, 2003.

Decided: April 23, 2003.

Mark Lawrence, District Attorney, Tara Bates, Asst. Dist. Atty., Alfred, for state.

Mark A. Kearns, Wells, for defendant.

Panel: CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

LEVY, J.

[¶ 1] Richard Willis appeals from a judgment entered in the Superior Court (York County, *Brennan, J.*) finding him guilty of two counts of theft by receiving stolen property (Class D) in violation of 17–A M.R.S.A. § 359(1) (1983) (current version at 17–A M.R.S.A. § 359(1) (1983 & Supp. 2002)). Willis contends that pursuant to M.R.Crim. P. 11 he should have been permitted to withdraw his nolo contendere pleas and to proceed on pleas of not guilty because his request to withdraw the nolo contendere pleas was made prior to the court's acceptance or rejection of the pleas. The State agrees with Willis that the judgment should be vacated. We agree and vacate the judgment.

## I. BACKGROUND

[¶ 2] In July 1999, Willis entered a plea of not guilty to one count of theft by receiving stolen property, Class B, in violation of 17–A M.R.S.A. § 359(1), in connection with the alleged theft of science equipment from Kennebunk High School, where Willis formerly worked as a science teacher. At a May 2000 hearing, the State, pursuant to a plea agreement with Willis, dismissed the indictment and filed an information charging two counts of theft by receiving stolen property, Class D. Willis, who was represented by counsel at the hearing, tendered pleas of nolo contendere to both counts. The plea agreement called for Willis to receive two consecutive sentences of six months in jail, suspended, with one year of probation.

[¶ 3] The court inquired whether any provision had been made for restitution to the school, and a colloquy ensued between the court, counsel, and Willis during which it became apparent that there was uncertainty whether the various items of scientific equipment the police confiscated from Willis belonged to Willis or the school. At

the conclusion of the hearing, the court directed counsel to return after sorting out the property issues, with the understanding that the court was "going to reserve the right to accept or reject the plea." Willis's counsel then summarized the status of the case as follows: "So the record will reflect that a plea has been entered and the Court has reserved acceptance." The court responded, "Reserved acceptance or rejection until I'm satisfied that we've satisfied restitution claims." Likewise, the docket entry for the hearing stated, "Justice reserves the acceptance of the plea until restitution issue[s] are sorted out."

[¶ 4] In November 2001, Willis appeared before the court with new counsel and requested that his pleas be withdrawn and that he be permitted to proceed on his earlier not guilty plea because, he claimed, it had been determined that most of the scientific equipment belonged to him. Willis also asserted that he wanted to defend the action on the basis that he had been diagnosed as suffering from obsessive compulsive disorder and was, therefore, incapable of forming the requisite mental state to have committed the offense of theft. The State objected to Willis's request. The court denied the request as untimely because Willis did not seek to withdraw his pleas until the morning of sentencing, despite knowing about the facts associated with his psychological condition and the ownership dispute over the scientific equipment at the time of his pleas nearly eighteen months earlier. Willis appealed from the denial of his motion, and we subsequently dismissed that appeal as interlocutory without reaching the merits.

[¶ 5] In May 2002, Willis filed a written motion to withdraw his nolo contendere pleas. At his August 2002 sentencing hearing, Willis reiterated his desire to withdraw his pleas of nolo contendere and to proceed to trial. The State objected to the motion, and Willis and the State informed the court that the property related issues remained unresolved. The court denied Willis's second motion to withdraw and sentenced him to concurrent sentences of six months in jail, suspended, with one year of probation. Willis then filed this appeal.

## II. DISCUSSION

[¶ 6] Willis asserts that he had an absolute right to withdraw his pleas of nolo contendere because the court had not yet accepted the pleas when his request was made. Willis relies upon M.R.Crim. P. 11, considered as a whole, in arguing that until the court either accepted or rejected his nolo contendere pleas, his initial not guilty plea remained in effect and should not be treated as having been voluntarily withdrawn. The State, which opposed Willis's motions to withdraw before the Superior Court, now agrees with Willis's contention that he had the right not to be bound by his nolo contendere pleas. Unlike Willis, however, the State asserts that M.R.Crim. P. 11(a)(1) provides specific authority for the proposition that absent a court's affirmative acceptance of a plea of guilty or nolo contendere, the defendant must be deemed to have pled not guilty.

[¶ 7] Rule 11(a)(1) provides, in part:

The court may refuse to accept a plea of guilty or nolo contendere.

If a defendant refuses to plead, or if the court refuses to accept a plea of guilty or nolo contendere, the court shall enter a plea of not guilty.

[¶ 8] Rule 11(a)(1) establishes that a defendant must be treated as having pled not guilty if the court has refused to accept a guilty or nolo contendere plea. If the court does not affirmatively accept the

plea and decides instead to reserve its decision, such action constitutes a refusal, at least temporarily, to accept the plea. *See* 1 Cluchey & Seitzinger, *Maine Criminal Practice* § 11.2 at IV–27 (1992) ("If the court decides to accept the plea, it does so affirmatively on the record."). By operation of Rule 11(a)(1), therefore, Willis's decision to retract his nolo contendere pleas, communicated to the court prior to its acceptance of the pleas, required the court to enter pleas of not guilty on Willis's behalf. *Accord North Dakota v. Welch,* 356 N.W.2d 147, 149 (N.D.1984) (holding "that a defendant may withdraw a guilty plea as a matter of right before it is accepted by the court" based on N.D.R. CRIM. P. 32(d)(3), which states that "a defendant may not withdraw his plea of guilty as a matter of right *once the plea has been accepted by the court* " (alteration in original)).

[¶ 9] We hasten to add that if the court had accepted Willis's pleas of nolo contendere before Willis sought permission to retract them, Willis would not have an absolute right to withdraw the pleas and his motion would have been committed to the court's discretion in accordance with M.R.Crim. P. 32(d). *State v. Lambert,* 2001 ME 113, ¶¶ 4–5, 775 A.2d 1140, 1142; *State v. Hillman,* 2000 ME 71, ¶¶ 7–8, 749 A.2d 758, 760–61.

The entry is:

Judgment vacated and remanded for further proceedings in accordance with this opinion.